OPINION OF THE COURT

Per Curiam.

A corporate employee, though he has a title as an officer and is the manager or supervisor of a corporate division, is not individually subject to suit with respect to discrimination based on age or sex under New York’s Human Rights Law (Executive Law, art 15) or its Labor Law (§ 194) or under the Federal Age Discrimination in Employment Act (29 USC § 623) or Equal Pay Act (29 USC § 206, subd [d]) if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others. The order of the Appellate Division insofar as it dismisses the complaint against defendant Corney[1] should, therefore, be affirmed, with costs.
*543 The Human Rights Law definition of employer (Executive Law, §292, subd 5) relates only to the number of persons employed and provides no clue to whether individual employees of a corporate employer may be sued under its provisions. The contrary is, however, suggested by subdivision 3-b of section 296, which makes it a discriminatory practice for “any real estate broker, real estate salesman or employee or agent thereof” to make certain representations, for it indicates that the Legislature differentiated that provision from the general definition of “employer.” Plaintiff cites Hart v Sullivan (84 AD2d 865, affd 55 NY2d 1011) and McBride v General Ry. Signal Co. (96 AD2d 1145), but those cases concern only the employer’s responsibility for discriminatory acts of its employee and, therefore, are not authority to the contrary.
Plaintiff fares no better under article 6 of the Labor Law. Although the definition in subdivision 3 of section 190 of “employer” provides no clue, we have recently held that the provisions of section 198-a subjecting corporate officers to criminal sanctions for violation of the article indicates a legislative intent that they not be subject to civil liability (Stoganovic v Dinolfo, 61 NY2d 812, affg 92 AD2d 729).
The question is a closer one under the Federal statutes. The Equal Pay Act defines “employer” to include “any person acting directly or indirectly in the interest of an employer in relation to an employee” (29 USC § 203, subd [d]), and the Age Discrimination Act defines the word to mean “a person engaged in an industry affecting commerce who has twenty or more employees [during a specified period] * * * The term also means (1) any agent of such person.” (29 USC § 630, subd [b].) We assume without deciding that an Age Discrimination action can be maintained in a State court (see 29 USC § 633a, subd [c] [“Any person aggrieved may bring a civil action in any Federal district court”]; cf. Gulf Offshore Co. v Mobil Oil Corp., 453 US 473, 479). We conclude, however, that the weight of Federal authority is that “economic reality” governs who may be sued under both statutes and that a corporate employee such as defendant Corney, who, plaintiff concedes, is one of approximately 800 vice-presidents of Chemical Bank and has not been shown to have any ownership *544 interest or power to do more than carry out personnel decisions made by others is not individually subject to suit under either statute. Cases supporting that conclusion are Carter v Dutchess Community Coll. (735 F2d 8,14 [“whether the alleged employer could hire and fire the worker, control work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records”]); Donovan v Agnew (712 F2d 1509, 1514 [“corporate officers with a significant ownership interest who had operational control of significant aspects of the corporation’s day to day functions, including compensation of employees”]); Donovan v Sabine Irrigation Co. (695 F2d 190,195, cert den sub nom. Alberding v Donovan, 462 US 1207, reh den 463 US 1249 [“pervasive control over the business and financial affairs”]); York v Tennessee Crushed Stone Assn. (684 F2d 360, 362 [“supervisory or managerial employee to whom employment decisions have been delegated”]); Marshall v Arlene Knitwear (454 F Supp 715, 721, affd in part and revd in part 608 F2d 1369 [“substantial ownership interest in and acted as an agent of the employer”]); see Coffin v South Carolina Dept. of Social Servs. (562 F Supp 579); Martin v Easton Pub. Co. (478 F Supp 796).[2] Although there are District Court decisions holding supervisory employees individually liable (Obradovich v Federal Reserve Bank, 569 F Supp 785, 788-789 [“supervisory employees and employees who ‘participated in the decision making process that forms the basis of the alleged discrimination’ ”]; Koster v Chase Manhattan Bank, 554 F Supp 285, 290 [“immediate supervisor * * * (who) reviewed her work and made recommendations concerning such personnel related decisions as salary and promotion”]; Barkley v Carraux, 533 F Supp 242, 245 [“department managers of that corporation”]; Compston v Borden, Inc., 424 F Supp 157, 158 [“supervisor of the maintenance department”]), we decline to follow them in light of the controlling higher Federal authority cited above.
*545 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order affirmed, with costs.

. Plaintiff’s appeal as against defendant Chemical Bank was dismissed for nonfinality (62 NY2d 801).

. Some of the above decisions were made under the Civil Rights Act definition (42 USC § 2000e, subd [b]) but are applicable to the present decision because, except as to number of employees, that definition is the same as that of the Age Discrimination in Employment Act (29 USC § 630, subd [b]).