**Ann K. DUNBAR, Plaintiff,**

**v.**

**COUNTY OF SARATOGA and James D. Bowen, individually and in his official capacity, Defendants.**

No. 99–CV–79.

United States District Court,
N.D. New York.

Dec. 15, 1999.

Kim E. Greene, Deily, Testa Law Firm, Albany, NY, for Plaintiff.

Gregg T. Johnson, Ruberti, Girvin Law Firm, Albany, NY, for Defendants.

### MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

This is a case involving allegations of sexual harassment in violation of Title VII

of the 1964 Civil Rights Act, the New York State Human Rights Law, and 42 U.S.C. § 1983. Presently before the Court are Defendants' motion for summary judgment and Plaintiff's cross-motion to amend the complaint. For the reasons set forth below, Defendants' motion is denied and Plaintiff's motion granted.

## I. BACKGROUND

Plaintiff was employed by defendant County of Saratoga (the "County") as a correctional officer at the county jail in Ballston Spa, New York. Defendant Bowen is the County sheriff.

According to the Complaint and Plaintiff's various submissions, Plaintiff's co-worker, Correction Officer William Cottrell, sexually harassed her soon after she began working for the County. The allegations in the Complaint recite incidents of verbal conduct by other co-workers and a display that Plaintiff maintains was offensive. Plaintiff alleges that she met with defendant Bowen regarding these incidents in addition to complaining of this behavior to Lieutenant Ed Rooney and Sergeant Craig Doherty. Plaintiff contends that her superiors took no remedial action and the harassment continued unabated.

Following an off-duty car accident, Plaintiff began an employment leave on June 12, 1997, and during the course of her leave determined that she could not return to her job in light of the harassment. On August 21, 1997, Plaintiff submitted her resignation.

## II. ANALYSIS

### A. Defendants' Motion for Summary Judgment

#### 1. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *City of Yonkers v. Otis Elevator Co.,* 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Summary judgment is usually unwarranted when the defendant's state of mind is at issue. *Clements v. Nassau County,* 835 F.2d 1000, 1005 (2d Cir.1987). In order to raise a fact issue regarding state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *Id.* "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon,* 93 F.3d 47, 51 (2d Cir. 1996).

### 2. Defendant Bowen's Liability under Section 1983

As a threshold matter, the Court deems the conduct alleged in the Complaint as rising to the level of a section 1983 violation. A campaign of verbal harassment absent physical overtures can establish section 1983 liability where supervisors were on notice of the alleged misconduct.

It is well-established that a defendant will be liable under section 1983 only when he is personally involved in the violation. *See Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir.1997). Personal involvement of a supervisory defendant may be shown by evidence that the defendant (1) directly participated in the violation, (2) failed to remedy the wrong after being informed of the wrong through a report or appeal, (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue, or (4) was grossly negligent in supervising subordinates who committed the wrongful acts. *See, e.g., Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).

The Complaint clearly alleges that Plaintiff notified defendant Bowen in the summer of 1996 of the alleged harassment by her co-workers. The affidavit submitted by Leanne Ball, one of Plaintiff's co-workers, substantiates that this meeting did in fact take place. More specifically, Plaintiff cites the interview with Rooney and Doherty, who were then carrying out an investigation at Bowen's direction. Any knowledge derived from that interview can be imputed to Bowen as their supervisor. In short, granting summary judgment at this stage on an issue rife with factual issues concerning the deliberateness of any alleged failure by defendant Bowen to act would be improper.

### 3. Defendant County's Liability under Section 1983

A municipality may not be held liable under section 1983 for actions of its employees based on a theory of respondeat superior. *See Monell v. Department of Social Services*, 436 U.S. 658, 691–94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish municipal liability for unconstitutional acts by its employees, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom, policy or practice. *See id.* at 694, 98 S.Ct. 2018.

Plaintiff may satisfy the "policy, custom or practice" requirement in one of four ways. He may allege the existence of: (1) a formal policy officially endorsed by the municipality, see *Monell*, 436 U.S. at 690, 98 S.Ct. 2018; (2) actions taken by government officials responsible for establishing municipal policies related to the particular deprivation in question, see *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); (3) a practice so consistent and widespread that it constitutes a "custom or usage" sufficient to impute constructive knowledge of the practice to policymaking officials, see *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to "deliberate indifference" to the rights of those who come in contact with the municipal employees, see *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Additionally, a plaintiff must show a causal link between an official policy or custom and the plaintiff's injury in order for the court to find liability against the city. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (1983).

In this case, Plaintiff's allegations concerning defendant Bowen suffice to meet the requirements for pleading a section 1983 claim. As a county officer and therefore policy-maker, Bowen's acts, including his failures to act, reflect County policy; indeed, Bowen states in his affidavit that he was the final decision maker with respect to handling sexual harassment complaints by employees of the Sheriff's Department. Bowen's alleged failure

to properly investigate and remedy the alleged misconduct could therefore rise to a County "policy." Moreover, if a hostile, sexually harassing and discriminatory work environment did exist in the Sheriff's Department, and the County was on notice of it, then another basis for section 1983 liability would arise. Further discovery would better resolve these outstanding questions.

### 4. Defendant Bowen's Liability under the New York State Human Rights Law

Defendant Bowen's potential liability under the New York State Human Rights Law involves similar factual questions relating to the degree of his participation in the events allegedly culminating in Plaintiff's resignation. The Court does note that it is satisfied at this stage that defendant Bowen is an "employer" since he possesses "the power ·to do more than carry out personnel decisions made by others," and therefore within the scope of the statute. *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984).

### 5. Constructive Discharge

■■■ Defendants also seek summary judgment as to the constructive discharge claim asserted in the Complaint. Constructive discharge of an employee occurs when the employer intentionally creates a work environment that is so intolerable that the employee is, in effect, forced to quit involuntarily. *See Chertkova v. Connecticut General Life Insurance Co.*, 92 F.3d 81, 89 (2d Cir.1996). A work environment is intolerable if it is " 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.' " *Id.* (quoting *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir.1987)).

■■■ Contrary to Defendants' suggestion, the resignation letter Plaintiff submitted does not render her subsequent harassment claims "remarkable" for the simple reason that there can be no "constructive" discharge without termination of employment, invariably by the employee. While Defendants correctly point out a number of factors that are to be weighed in making a determination as to whether the treatment complained of reached a level requiring resignation, the issues in this case are highly fact sensitive. Indeed, the Second Circuit has stressed that "trial courts must be especially chary in handing out summary judgment in discrimination cases, because in such cases the employer's intent is ordinarily at issue." *Chertkova*, 92 F.3d at 86. Based upon the disputed facts presented, summary judgment is inappropriate.

### B. Plaintiff's Motion to Amend the Complaint

■■■ There are a variety of technical deficiencies in the Complaint that the proposed amendment would correct, as well as adding the Saratoga County Sheriff's Department as a defendant. A liberal standard governs motions to amend, and Defendants have failed to articulate any prejudice that they would suffer as a result of the amendment: only six months passed between the filing of the Complaint and submission of the motion to amend, and discovery has not yet commenced.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that Defendants' motion for summary judgment is DENIED;

ORDERED that Plaintiff's cross-motion to amend the complaint is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.