Beverly TURNER, Plaintiff,

v.

OLYMPIC REGIONAL DEVELOP-
MENT AUTHORITY;  and Charles
Berghorn, Defendants.

Olympic Regional Development
Authority, Cross-claimant,

v.

Charles Berghorn, Cross-defendant.

No.  97–CV–1330.

United States District Court,
N.D. New York.

Feb. 2, 2000.

Barbara Friend, Office of Barbara
Friend, Saranac Lake, NY, for plaintiff.

Lisa Ullman, Office of Atty. Gen. Albany, NY, for Olympic Regional Development Authority, defendant.

John T. Wilkins, Office of John T. Wilkins, Lake Placid, NY, for Charles Berghorn, defendant.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Plaintiff alleges sexual harassment against Defendants in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and pendent state claims. Defendant Berghorn moves to dismiss the complaint and defendant Olympic Regional Development Authority ("ORDA") for summary judgment. For the reasons set forth below, those motions are granted-in-part.

## I. BACKGROUND

Defendant ORDA operates various sports venues in and around Lake Placid that were originally constructed for the 1980 Olympic Games. Plaintiff worked as a senior ticket sales clerk at Intervale Ski Jump supervised by defendant Berghorn.[1] Various incidents allegedly ensued, including, according to Plaintiff, an instance where defendant Berghorn exposed himself to her.

Plaintiff filed a complaint of sexual harassment with the Equal Employment and Opportunity Commission on November 30, 1996 and received a right to sue letter June 11, 1997. She then commenced the current action September 11, 1997, pleading four causes of action: (i) violation of Title VII; (ii) battery; (iii) assault, battery, and psychic injury; and (iv) violation

of New York's Human Rights Law, N.Y.Exec.Law New § 296(6) ("HRL").

## II. ANALYSIS

### A. Defendant Berghorn's Motion to Dismiss

In reviewing the pleadings pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein. *See* Fed.R.Civ.P. 12(b)(6); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). "[A] district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer,* 937 F.2d at 773. If a court wishes to consider material outside the pleadings, it must convert the motion to dismiss into one for summary judgment under Rule 56. *See Kramer,* 937 F.2d at 773.

The Second Circuit has stated that the court's function is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In evaluating whether a complaint will withstand a Rule 12(b)(6) motion, a court must assume the truth of plaintiff's "well-pleaded allegations." *Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994); *La-*

---

1. The Court notes that not a single party in this action submitted a memorandum of law in compliance with the Local Rules. For instance, it appears that no one could be bothered to include a statement of facts in their memoranda. Other violations abound too numerous to detail here. Suffice it to say that, in future, the attorneys on this case—

John T. Wilkins for defendant Berghorn, the State Attorney General for defendant ORDA, and Barbara Friend for Plaintiff—would be advised to consult the rules of the court in which they appear or risk sanctions. The Local Rules are rules, not mere guidelines or recommendations.

Bounty v. Adler, 933 F.2d 121, 123 (2d Cir.1991). The court also must read the complaint generously and draw reasonable inferences in favor of the pleader. *See LaBounty*, 933 F.2d at 123. A court will not dismiss a complaint unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

### 1. Title VII and the HRL

■ It is well-established in this Circuit that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995). Plaintiff repeatedly cites and relies upon the dissent in *Tomka*, which, however much Plaintiff wishes otherwise, is not law. Plaintiff's reliance is utterly misplaced: the Second Circuit has not reversed the majority opinion nor have its recent rulings called *Tomka* into doubt. Any sexual harassment claim against a non-employer harasser can be brought under state law. Plaintiff has no Title VII claim against defendant Berghorn.

■ Defendant Berghorn also maintains that Plaintiff's HRL claim must fail for similar reasons. The HRL provides: "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the New York Human Rights Law], or to attempt to do so." N.Y.Exec.Law § 296(6). The HRL defines "employer" in terms of the number of persons employed and "provides no clue to whether individual employees of a corporate employer may be sued under its pro-

visions." *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984) (citing N.Y.Exec.Law § 292(5)). In *Patrowich*, the New York Court of Appeals held that an employee is not individually subject to suit under § 296 of the HRL as an employer "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." *Id.* at 542, 483 N.Y.S.2d 659, 473 N.E.2d 11. Defendant Berghorn obviously has no ownership interest in ORDA, but he did not refute Plaintiff's contention that his supervisory authority encompassed the ability to fire her. Under *Tomka*, Berghorn therefore remains potentially liable under the HRL as an employer and for aiding and abetting ORDA's alleged violations provided he actually participated in the violations.[2]

### 2. Assault, Battery, and Psychic Injury Claims

Defendant Berghorn contends that Plaintiff's second and third causes of action for assault, battery, and psychic injury[3] are time-barred by N.Y.C.P.L.R. § 215(3)'s one year statute of limitations since the alleged harassment ended in March 1996 and the complaint was not filed until September 1997. Plaintiff maintains that a three year statute of limitations is appropriate under C.P.L.R. § 214(5) or, alternatively, § 214(2), since "[i]t would appear well-settled that where Federal statutes and Federal Civil Rights Acts complaints are invoked, the state's three year statute of limitations applies to actions created by statute." Plaintiff errs.

When a federal civil rights statute omits a statute of limitations, 42 U.S.C. § 1988 directs federal courts to apply the statute

**2.** The Court notes that *Tomka* has come under considerable criticism by New York state courts by rendering meaningless the HRL's use of the word "employer" and ignoring *Patrowich*'s endorsement of an "economic realities" test to determine who qualifies as an employer. Nevertheless, until it is reversed, *Tomka* controls in this Court.

**3.** The Court construes "psychic" injury here to be a claim for intentional infliction of emotional distress based upon the averred intentional and unwanted sexual advances by defendant Berghorn.

of limitations associated with the state cause of action most closely analogous to the federal claim. The Supreme Court determined that the cause of action most closely analogous to a 42 U.S.C. § 1983 claim—the claim discussed in the case cited by Plaintiff—is a tort suit for personal injury. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

Two different limitation statutes apply to personal injury claims in New York. The first, N.Y.C.P.L.R. § 215(3), establishes a one-year limit for various intentional torts, including assault, battery, and intentional infliction of emotional distress. The second, § 214(5), is a three-year statute of limitations that applies to personal injury actions expressly not covered by § 215. Citing the need for a statute of limitations expansive enough to accommodate the diverse personal injury claims asserted in § 1983 actions, the Second Circuit has held that the three-year limit should be applied. *See Okure v. Owens,* 816 F.2d 45, 49 (2d Cir.1987). Cases that Plaintiff's counsel encountered that invoked the three year statute of limitations set forth in C.P.L.R. § 214(5) did so because the state law claims for assault, battery, and/or psychic injury arose out of the same nexus of facts as § 1983 claims, and were therefore independent federal claims and no longer bound by § 215(3) limitations period. Here, however, there is no § 1983 action, and the three year statute of limitations is therefore inapplicable.

■  Plaintiff's other source for a three year statute of limitations is C.P.L.R. § 214(2), which governs actions to recover "upon a liability, penalty or forfeiture created or imposed by statute." Section 214(2), however, like § 214(5), expressly exempts those claims covered by § 215.[4] To state the obvious, which is necessary here, § 214(2) operates as a catchall stat-

ute of limitations that may be preempted by particular statutes, as it was expressly for § 215 claims. Accordingly, the New York statute of limitations for assault, battery, and psychic injury claims delineated in C.P.L.R. § 215(3) bars Plaintiff's second and third causes of action.

### 3.  Attorney's Fees and Punitive Damages

In her complaint, Plaintiff seeks attorney's fees and punitive damages as part of her requested relief. However, neither attorney's fees nor punitive damages are recoverable under the HRL. *See Thoreson v. Penthouse, Int'l, Ltd.,* 80 N.Y.2d 490, 494, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (1992). Plaintiff's recovery from defendant Berghorn is limited to compensatory damages.

### B. Defendant ORDA's Motion for Summary Judgment

Summary judgment must be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Lang v. Retirement Living Pub. Co.,* 949 F.2d 576, 580 (2d Cir.1991). The moving party carries the initial burden of demonstrating an absence of a genuine issue of material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990). Facts, inferences therefrom, and ambiguities must be viewed in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*

---

**4.** In *Ghosh v. New York University Medical Ctr.,* 576 F.Supp. 86 (S.D.N.Y.1983), on which Plaintiff relies, the plaintiff asserted a 42 U.S.C. § 1981 discrimination claim that, like 42 U.S.C. § 1983, contained no statute of limitations provision, and so the court borrowed from New York state law, as federal courts borrow in the 42 U.S.C. § 1983 context. C.P.L.R. § 214 can only fill a vacuum and does not control absent an open-ended analogous federal statute or state statutory claim.

*Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Project Release v. Prevost,* 722 F.2d 960, 968 (2d Cir.1983). A genuine issue is an issue that, if resolved in favor of the non-moving party, would permit a jury to return a verdict for that party. *R.B. Ventures, Ltd. v. Shane,* 112 F.3d 54, 57 (2d Cir.1997) (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

When the moving party has met the burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. at 586, 106 S.Ct. 1348. At that point, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56; *Liberty Lobby Inc.,* 477 U.S. at 250, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. To withstand a summary judgment motion, evidence must exist upon which a reasonable jury could return a verdict for the nonmovant. *Liberty Lobby, Inc.,* 477 U.S. at 248–249, 106 S.Ct. 2505; *Matsushita Elec. Indus. Co.,* 475 U.S. at 587, 106 S.Ct. 1348. Thus, summary judgment is proper where there is "little or no evidence in support of the non-moving party's case." *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223–1224 (2d Cir.1994) (citations omitted).

### 1. Title VII

Plaintiff raises claims of both quid pro quo sexual harassment and hostile work environment sexual harassment. *See, e.g., Gallagher v. Delaney,* 139 F.3d 338, 346 (2d Cir.1998) (discussing the two theories of sexual harassment). Due to significant differences in these forms of harassment, the Court analyzes each separately.

### a. Quid Pro Quo Harassment

■ Under the Guidelines established by the EEOC, quid pro quo harassment occurs when "submission to or rejection of [unwelcome sexual] conduct by an individual is used as the basis for employment decisions affecting such individual." 29 C.F.R. § 1604.11(a)(2) (1999). The relevant inquiry is "whether the supervisor has linked tangible job benefits to the acceptance or rejection of sexual advances." *Karibian v. Columbia Univ.,* 14 F.3d 773, 778 (2d Cir.1994). Here, Plaintiff has averred sufficient facts that support a finding of quid pro quo sexual harassment, such as defendant Berghorn's refusal to grant permission for restroom breaks. Plaintiff has alleged that she was subject to unwelcome sexual advances and her reaction to them formed the basis for adverse decisions concerning privileges, conditions, and terms of her employment.

### b. Hostile Work Environment

To prevail on a hostile work environment claim, a plaintiff must prove: "(1) that she is a member of a protected group; (2) that she was the subject of unwelcome advances; (3) that the harassment was based upon her sex; and (4) that the harassment affected a term, condition, or privilege of employment." *Cosgrove v. Sears, Roebuck & Co.,* 9 F.3d 1033, 1042 (2d Cir.1993). A hostile environment under Title VII is one in which the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive so as to alter conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). A court must be particularly concerned with "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23, 114 S.Ct. 367. While a plaintiff's subjective experience of a hostile environment is necessary to sustain a claim, it is not enough. As the Supreme Court emphasizes, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or

abusive—is beyond Title VII's purview." *Id.* at 21, 114 S.Ct. 367.

■ For purposes of this motion, defendant ORDA does not challenge the harassing conduct committed by defendant Berghorn. Rather, it asserts that ORDA is insulated from liability for Plaintiff's hostile work environment sexual harassment claims under the so-called *Faragher/Ellerth* affirmative defense. In the twin cases of *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998), and *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), the Supreme Court held that, where no adverse employment action is taken, there may be an affirmative defense to liability. The defense comprises two necessary elements: (1) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Faragher,* 524 U.S. at 806, 118 S.Ct. 2275; *Ellerth,* 524 U.S. at 763, 118 S.Ct. 2257. This defense is not available, however, in cases involving quid pro quo harassment.

### 2. Pendent State Claims

Defendant ORDA contends that the Eleventh Amendment bars Plaintiff's pendent state claims for assault, battery, psychic injury, and violations of the HRL. ORDA qualifies as a state entity based on its enabling statute and extensive nexus between itself and the state illustrated therein, and the broad degree of control the state exercises over its activities and resources. *See* N.Y.Pub.Auth. § 2606, *et seq.* The Eleventh Amendment bars a suit in federal court against a state or one of its agencies by its own citizens in the absence of the state's explicit consent to be sued or Congress' unequivocal abrogation of immunity. This jurisdictional bar exists regardless of the type of relief sought. *See Dube v. State University of New York,*

900 F.2d 587, 594–95 (2d Cir.1990); *see also Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) ("We have often made it clear that the relief sought by plaintiff suing a State is irrelevant to the question of whether suit is barred by the Eleventh Amendment").

The Court is genuinely astounded at Plaintiff's memorandum of law in opposition to defendant ORDA's motion in which her counsel characterizes sovereign immunity as an "ossified doctrine" that has "fallen into the American Constitution by way of such ancient Norman conceits as 'The King can do no wrong.'" We are not talking about *droit de seigneur* here. This "conceit" is a cornerstone of our entire constitutional structure, like federalism. Moreover, counsel's allusion to "trends in its disfavor" betrays a seriously flawed understanding of American jurisprudence, and is, at best, disingenuous. Contrary to Plaintiff's assertions, the Eleventh Amendment is not a dead letter—far from it. The vigorous application of the Eleventh Amendment has been at the forefront of constitutional jurisprudence, especially prominent in the last twenty years, and counsel would be well-advised to acquaint herself with it. (And sovereign immunity has its roots in pre-Conquest Roman and Saxon law, so counsel need no longer fling arrows at the Normans.)

■ State waiver will be found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'" *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Nothing in the HRL provides any basis for finding that New York State has waived Eleventh Amendment immunity thereunder. Similarly, ORDA's enabling legislation contains no such waiver either. The HRL claim is therefore dismissed, along with the pendent state claims, which are, in any event, time-barred.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendant Berghorn's motion to dismiss is GRANTED–IN–PART and DENIED–IN–PART, and the first, second, and third causes of action asserted against defendant Berghorn are DISMISSED;

ORDERED that defendant ORDA's motion for summary judgment is GRANTED–IN–PART and DENIED–IN–PART, and the second, third, and fourth causes of action against defendant ORDA are DISMISSED;

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.