OPINION OF THE COURT
Eugene W. Bergin, J.
State Farm Mutual Insurance Co. (State Farm) moves for a *255 motion for summary judgment pursuant to CPLR 3212 (b) on all aspects of plaintiffs amended complaint. Defendant VanBenschoten also moves for summary judgment with respect to all claims asserted in plaintiffs amended complaint.
Plaintiff began working as a claims service assistant for defendant State Farm on February 7, 1997. A few days after March 5, 1997 plaintiff began to do some data entry work for defendant VanBenschoten. Plaintiff reported to defendant VanBenschoten for only about 10 working days.
It is undisputed that the plaintiff complained that during the aforementioned 10-day period that the defendant “yelled and screamed” at her, that he “would stand very close to me and hover over me,” and that he put his hands on her shoulders “several times.” She does not assert that defendant touched her anywhere other than her shoulders. On one occasion, she alleges that defendant referred to her as a lesbian. Lastly, plaintiff feels that on one or two occasions the defendant “looked at her as if [she] had no clothes on.”
During the entire 10-day period where the alleged harassment occurred, plaintiff sat at the same desk and worked in the same cubicle as another employee, Lisa Hartwell. Ms. Hart-well testified that she witnessed no actions on the part of the defendant that she considered inappropriate, and has no recollection of defendant making any remarks regarding whether she or the plaintiff were lesbians. This, contrary to the plaintiff’s claims that Hartwell witnessed the defendant’s alleged inappropriate behavior.
The plaintiff collapsed at work on March 14, 1997, and was taken to an emergency room. There was only incidental contact between the plaintiff and the defendant on that day. (Plaintiff testified that if she had seen the defendant on that day, it was “only in passing.”)
Subsequent to her collapse, the plaintiff called Mike Arington, another supervisor, to relate that she did not feel her collapse was “work related” or that it would be covered by workers’ compensation. It is noteworthy that the plaintiff has a history of suffering workplace collapses which require her hospitalization. At least three of which are reflected in the record.
The plaintiff has a history of suffering from hypoglycemia which causes her to shake, suffer from overwhelming heat, and pass out. At the age of 18 she was counseled to cut back on her *256 use of laxatives. The plaintiff has other serious health problems that predate her employment at State Farm. The plaintiff was disabled in 1990 with head and neck injuries as a result of an automobile accident. As a result of this accident she was out of the workforce until 1995. The plaintiff obtained $275,000 for her injuries suffered in the 1990 accident, along with a monetary settlement she received as a result of a separate automobile accident. The plaintiff has never returned to work at State Farm and is currently receiving long-term disability benefits. The plaintiff has now brought the instant action alleging, among other things, sexual harassment in violation of the New York State Human Rights Law (Executive Law § 296 et seq. [NYSHRL]).
Defendant VanBenschoten’s first contention is that he cannot be held individually liable under section 296 (1) (a) of the NYSHRL because the statute makes it unlawful only for an “employer” to engage in sexual discrimination, citing Patrowich v Chemical Bank (63 NY2d 541 [1984]), the well-reasoned legal analysis by Justice Fisher in Foley v Mobil Chem. Co. (170 Misc 2d 1 [Sup Ct, Monroe County 1996]), and the self-serving affidavit of the defendant sworn to on August 15, 2000.
The court, at this time, is unable to rule, as a matter of law, that defendant VanBenschoten is not an “employer” in the sense that he had power to do more than carry out personal decisions made by others. (Patrowich v Chemical Bank, 63 NY2d 541 [1984], supra.) Defendant VanBenschoten’s motion for summary judgment on this argument is denied.
Defendant State Farm moves for summary judgment on all aspects of the amended complaint asserting that the conduct by the plaintiff is not sufficiently “severe or pervasive” to maintain a claim for sexual harassment under the NYSHRL and that the conduct plaintiff complains of is not gender based. Defendant VanBenschoten also argues that the conduct alleged by plaintiff does not satisfy the elements necessary to maintain a claim for sexual harassment under the NYSHRL.
Plaintiff alleges the following conduct by defendant VanBenschoten constituted sexual harassment:
• putting his hand(s) on her shoulder(s);
• making a remark that plaintiff and a co-worker were lesbians;
• getting in plaintiffs face and hovering; and
• on one or two occasions “looking at her as if she had no clothes on” (CB, at 198).
*257 The plaintiffs claim of sexual harassment is based upon a theory that she was subjected to a hostile work environment in violation of NYSHRL (Executive Law § 296 et seq.).
A hostile work environment exists when, “as judged by a reasonable person, it ‘is permeated with “discriminatory intimidation, ridicule and insult” * * * that is “sufficiently severe [so as] to alter the conditions of the [plaintiffs] employment” ’ ” (McIntyre v Manhattan Ford, Lincoln-Mercury, 175 Misc 2d 795, appeal dismissed 256 AD2d 269, appeal dismissed 93 NY2d 919).
Plaintiffs complaints that the defendant would invade her space by getting “right in her face” and hovering over her are subjective perceptions articulated in her testimony that “people have spaces around them that people should respect and that he [defendant] continually crossed that line” (CB, at 197). There is no testimony that the plaintiff ever advised the defendant what her special limits were, or that he was invading some unmeasurable space claimed by the plaintiff. The court agrees with the defendant that such a subjective, unmeasurable complaint cannot practically be actionable. Plaintiff also asserts that the defendant looked at her in a way that made her “feel that somebody is looking at me like I have no clothes on” on “one or two” occasions (CB, at 198).
It is easy to acknowledge and appreciate a person’s perception of another’s nonverbal glances; however, it would be impossible to function as a society if a court were to give credence and make actionable another person’s “look” towards another. (Mendoza v Borden, Inc., 195 F3d 1238 [11th Cir 1999].)
The defendant is also accused of having placed his hand(s) on plaintiffs shoulders on more than one occasion. To make out a prima facie case of a sexually hostile work environment plaintiff must prove: (1) that she is a member of a protected class; (2) that conduct or words upon which her claim of sexual harassment is predicated were unwelcome; (3) that conduct or words were promoted simply because of her gender; (4) that such conduct or words created a hostile work environment which affected term, condition or privilege of her employment; and (5) that the defendant is liable for such conduct. (McIntyre v Manhattan Ford, Lincoln-Mercury, supra, at 802.)
Given the present record, the plaintiff cannot prove that the defendant’s conduct, even if true, was promoted simply because of her gender. The plaintiff has provided voluminous deposition testimony where other State Farm employees describe the defendant’s negative gay statements to both men and women. *258 Defendant clearly, at times, exhibits boorish behavior, and inappropriate social skills. The United States Supreme Court has cautioned, however, that it is important to distinguish between harassment and discriminatory harassment so that antidiscrimination laws do not “become a ‘general civility code’ ” (Faragher v City of Boca Raton, 524 US 775, 788 [1998]).
The touching of plaintiffs shoulders by the defendant on “several” occasions over a 10-day period in a small work cubicle does not rise to the level of sexual harassment. (Lucas v South Nassau Communities Hosp., 54 F Supp 2d 141 [ED NY 1998].)
Even if the allegations regarding defendant VanBenschoten were all true they simply fail to rise to the level of being “severe or pervasive” so as to constitute sexual harassment. (Quinn v Green Tree Credit Corp., 159 F3d 759, 768 [2d Cir 1998].) As the record reveals and defendant State Farm points out in its memorandum of law (at 12, n 7), it is even questionable whether some of the alleged conduct ever occurred. The court recognizes and agrees that the record supports the defendant’s observations contained in the above-referenced footnote, and adopts the footnote as part of its findings of fact contained in this decision.
Plaintiffs amended complaint is dismissed in its entirety, and plaintiffs cross motion is dismissed.