Bruce GENTILE, Plaintiff,

v.

The TOWN OF HUNTINGTON and Bruce Richard, Defendants.

No. CV–03–0636 (ADS)(WDW).

United States District Court, E.D. New York.

Oct. 22, 2003.

Gary W. Gramer and Associates by Gary W. Gramer, Esq., Lake Grove, NY, for Plaintiff.

Kaufman, Schneider & Bianco, LLP by Keith J. Gutstein, Esq., Jericho, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This action arises out of claims by Bruce Gentile (the "plaintiff" or "Gentile") against his former employer, the Town of Huntington (the "Town"), and his direct supervisor, Bruce Richard ("Richard") (collectively, the "defendants"), alleging that the defendants terminated him because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law, New York Executive Law ("NYSHRL"), § 290 *et seq.*

Presently before the Court is the defendants' unopposed motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ("Fed. R. Civ.P.").

## I. BACKGROUND

Unless otherwise noted, the facts are taken from Gentile's complaint filed February 10, 2003, which, for the purposes of this motion, the Court takes to be true. The plaintiff is a 50 year old male with diagnosed depression, seropositive rheumatoid arthritis, and lumbosacal radiculopathy. The plaintiff was employed by the Town for more than 14 years and served as the Town's Senior Sign Inspector for more than 6 years until his January 31, 2002 termination. Gentile's responsibilities as a Senior Sign Inspector included examining plans submitted for permits, investigating complaints and completing reports about illegal signs, and enforcing the Town Code with respect to signs.

During 1997, 1998 and 2000, the plaintiff requested, verbally and in writing, that, among other things, he be allowed to carry a radio/communication device of less weight; to wear insulated headgear and/or a hooded sweatshirt on cold days instead of the mesh uniform; and to be transferred to another department within the Town that did not require a mesh uniform. Although the Town provided the plaintiff with equipment that weighed less, without providing a reason, it refused to grant the plaintiff's other requests. At or about the time the plaintiff made these requests, the plaintiff filed grievances with his union and also filed a complaint with the Town's Office of Equal Employment Opportunity.

The plaintiff alleges that, on April 4, 2000, he was assaulted on the job by an outraged business owner and sustained severe injuries. The plaintiff claims that the Town and Richard failed to provide any medical attention for him. The next day, the plaintiff reported to work and was told that he was not allowed to press charges against the person who assaulted him. The plaintiff was further told that if he pressed charges, he would be "written up and terminated."

On April 18, 2001 and May 24, 2001, the Town's Office of Equal Employment Opportunity held hearings and recommended that "no action be taken in regard to [Gentile's] requests for reasonable accommodation." Gentile alleges that as a result of him filing these complaints, the Town engaged in a practice of retaliation against him. This retaliation included placing the plaintiff on mandatory psychiatric leave of absence despite the Town's knowledge that the plaintiff had full medical clearance to

perform his work if he was provided reasonable accommodations. In addition, the Town exhausted the plaintiff's bank of personal days for absences due to an on-the-job injury. The plaintiff also alleges that he was constantly scrutinized, ridiculed, and threatened by Richard.

The defendants' Affidavit in Support of Defendants' Motion to Dismiss, states that on or about August 16, 2001, the plaintiff served a notice of claim on the defendants. (Defs.' Aff. Supp. Mot. Dismiss ¶ 3). However, the defendants failed to provide a copy of this notice, nor did they describe the nature of the claims alleged in the notice. Upon receiving the notice of claim, the defendants immediately served a demand for examination pursuant to New York General Municipal Law ("N.Y.Gen. Mun.Law") § 50–h. The defendants maintain that in response to their demand, the plaintiff's prior attorney, Susan M. Hall, Esq. ("Hall"), requested an adjournment of the examination on four occasions. The defendants submitted three letters, dated December 4, 2001, December 18, 2001, and January 8, 2002 (the "Hall letters"), which reflect the final three requests for adjournment. Each of these letters contains the statement that "[this letter] will confirm our agreement that the plaintiff will not file a complaint in this matter until the defendant has had the opportunity to conduct the above mentioned 50–h hearing." No examination was ever conducted.

On January 31, 2002, the plaintiff was terminated. The plaintiff retained new counsel and filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission ("EEOC"). On November 15, 2002, the plaintiff received a "right-to-sue" letter issued by the EEOC and on February 10, 2003, within 90 days of the plaintiff's receipt of the "right-to-sue" letter, Gentile commenced this action.

The defendants now move to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) on the grounds that the Court has no subject matter jurisdiction because Hall "agreed" that a complaint would not be filed until the defendants had the opportunity to conduct the Rule 50–h examination. The defendants further argue that the Court lacks subject matter jurisdiction over the NYSHRL employment discrimination claims because the plaintiff failed to subject himself to an examination pursuant to section 50–h of the General Municipal Law which they maintain is a prerequisite to filing that type of action against the Town and Richard.

## II. DISCUSSION

### A. Rule 12(b)(1) Standard of Review

Rule 12(b)(1) provides for the dismissal of a claim where a federal court "lacks jurisdiction over the subject matter" of the action. In considering a Rule 12(b)(1) motion, a court must assume that all factual allegations in the complaint are true and must draw all reasonable inferences in the light most favorable to the plaintiff. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *see also Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992).

In support of their motion, the defendants submit an affidavit and documents which are not found in the pleadings. The Court may consider this material because "[o]n a motion under [Rule] 12(b)(1) challenging the district court's subject matter jurisdiction the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), vacated on other grounds, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892, (1992); *see also Alonso v. Saudi Arabian*

*Airlines Corp.*, No. 98 Civ. 7781, 1999 WL 244102, at \*1 (S.D.N.Y. April 23, 1999).

## B. Ms. Hall's Letters

■ The defendants maintain that the Court lacks subject matter jurisdiction over the complaint because the plaintiff's previous counsel "agreed" that a complaint would not be filed until the Rule 50–h examination is conducted. In support of this argument, the defendants submitted the Hall letters, which each state that "[this letter] will confirm our agreement that the plaintiff will not file a complaint in this matter until the defendant has had the opportunity to conduct the above mentioned 50–h hearing."

The defendants contend that these representations create a "condition precedent" which must be satisfied prior to the plaintiff's commencement of the action. The Court disagrees. These letters do not specify as to which "matter" they are referring and the final letter was written more than three weeks prior to the plaintiff's January 31, 2002 termination, which, according to the defendants' motion, is the event upon which this lawsuit is based. (Defs.' Mem. Supp. Mot. Dismiss at 6). Preventing the plaintiff from filing his complaint based upon vague representations made by the plaintiff's former attorney would severely prejudice the plaintiff.

The defendants' argument that they have been prejudiced because there has been an "extensive delay" with respect to the Rule 50–h examination is moot because, as set forth below, the defendants lack the statutory authority to conduct this examination. Accordingly, the Hall letters do not divest the Court of subject matter jurisdiction over the complaint.

## C. The New York State Human Rights Law

■ The NYSHRL prohibits employment discrimination on the basis of a dis-

ability, N.Y. Exec. Law § 296(1)(a), and allows aggrieved employees to bring suit in any court of appropriate jurisdiction. N.Y. Exec. Law § 297(9). State claims brought under state law in federal court are subject to state procedural rules. *See Felder v. Casey*, 487 U.S. 131, 141, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988).

### 1. The Notice of Claim Rule

■ The defendants' contention that the Court lacks subject matter jurisdiction over the plaintiff's state law claims because the plaintiff failed to subject himself for the Rule 50–h examination is without merit because no such examination is required under the NYSHRL.

■ Section 50–h states that an examination shall only be held "wherever a notice of claim is filed against a ... town...." N.Y. Gen. Mun. Law § 50–h(1). However, a notice of claim is not required under section 50–e(1) of the Municipal Law for claims of employment discrimination against a municipality such as the Town. *Hamm v. NYC Office of the Comptroller Alan Hevesi*, No. 95 Civ. 6367, 1998 WL 92395, at \*6 (S.D.N.Y. March 4, 1998) (holding that discrimination claims brought pursuant to Executive Law § 296 are not tort actions and are thus not subject to Section 50–e's notice of claim requirement); *see also Palmer v. City of New York*, 215 A.D.2d 336, 627 N.Y.S.2d 42 (1st Dep't 1995) (the notice of claim requirement is not applicable to claims of discrimination under the Human Rights Law); *Dimonda v. New York City Police Dep't*, No. 94 Civ. 0840, 1996 WL 194325 (S.D.N.Y. April 22, 1996) (the notice of claim provisions embodied in sections 50–e and 50–i are not applicable to claims of discrimination brought pursuant to Executive Law § 296) (citations omitted).

■ Moreover, the notice of claim requirement under New York County Law § 52(1) does not apply to claims brought against the defendants as there is a clear distinction between claims brought against municipal defendants and claims brought against county defendants. *See Keating v. Gaffney,* 182 F.Supp.2d 278, 290–291 (E.D.N.Y.2001) ("employment discrimination claims [brought] against municipal as opposed to county defendants are exempt from the notice of claim requirement"); see also *Pustilnik v. Hynes,* No. 99 Civ. 4087, 2000 WL 914629, at * 7 (E.D.N.Y. June 27, 2000) (describing distinction between claims brought against municipal defendants and claims against county defendants).

The defendants' reliance on *Fodelmesi v. Schepperly,* 1993 WL 127211 (S.D.N.Y. April 20, 1993) is unpersuasive. Although the court in *Fodelmesi* dismissed the plaintiffs' state law claims against the County and Village defendants because the plaintiffs failed to appear for a section 50–h examination, that case did not involve claims of employment discrimination. The defendants' reliance on *La Vigna v. County of Westchester,* 160 A.D.2d 564, 554 N.Y.S.2d 1014 (1st Dep't 1990) is similarly unpersuasive as that case does not indicate the nature of the claims at issue.

It should be noted that Gentile's complaint does not allege that a notice of claim was ever filed. Although the defendants' attorney's affidavit indicates that a notice of claim was served by the plaintiff on or about August 16, 2001, (Defs.' Aff. Supp. Mot. Dismiss ¶ 3), a copy of this notice was not submitted to the Court. The fact that the Court is not able to analyze the contents of the notice coupled with the fact that it was allegedly filed more than five months prior to the plaintiff's termination limits the Court's consideration of the notice.

Accordingly, the defendants' motion to dismiss the NYSHRL claims against the Town and Richard based on the plaintiff's failure to attend the Rule 50–h examination is denied.

## 2. Individual Liability Under the NYSHRL

■ The NYHRL has two provisions under which Richard could potentially be held individually liable: Sections 296(1) and 296(6).

■ Section 296(1) of the NYHRL renders it unlawful "[f]or an employer ... because of the ... disability ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). An individual supervisor such as Richard may be sued under Section 296(1) but only if he is shown either to have an ownership interest or the "power to do more than carry out personnel decisions made by others." *Perks v. Town of Huntington,* 251 F.Supp.2d 1143, 1160 (E.D.N.Y.2003) (citing *Patrowich v. Chemical Bank,* 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984)). Individual liability under section 296(1) is limited and includes only supervisors, who themselves, have the authority to "hire and fire" employees. *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995); *see also Perks,* 251 F.Supp.2d at 1160. Here, even after construing the facts in the light most favorable to the plaintiff, it is not clear as to whether or not Richard had the authority to hire and fire employees.

In any event, the plaintiff's NYSHRL claims may be maintained against Richard because section 296(6) provides a broader sense of personal liability. Section 296(6)

makes it an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. Law § 296(6). Thus, because the complaint alleges that Richard "actually participate[d] in the conduct giving rise to [the] discrimination claim," Richard can be held individually liable under NYSHRL. *Tomka*, 66 F.3d at 1317.

Accordingly, the plaintiff may maintain a NYSHRL employment discrimination claim against Richard.

## C. The Americans With Disability Act

### I. Individual Liability Under the ADA

 Unlike the NYSHRL, under the ADA an individual may not be held personally liable for employment discrimination. *See Hallett v. N.Y.S. Dep't of Correctional Services*, 109 F.Supp.2d 190, 199 (S.D.N.Y.2000). The ADA "provides disabled individuals redress for discrimination by a 'public entity.' That term, as defined in the statute, does not include individuals." *Id.* at 199 (citations omitted); *see also Menes v. CUNY Univ. of N.Y.*, 92 F.Supp.2d 294, 306 (S.D.N.Y.2000) ("Individual defendants may not be held personally liable for alleged violations of the ADA") (citations omitted).

Second Circuit precedent involving individual liability under Title VII of the Civil Rights Act of 1964 further supports the conclusion that an individual may not be held liable in her or his personal capacity under the ADA. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1321 (2d Cir.1995) (holding that individual defendants may not be held liable for violations under Title VII); *see also Lane v. Maryhaven Center of Hope*, 944 F.Supp. 158, 162 (E.D.N.Y. 1996) (finding as a matter of law that the ADA does not provide for a cause of action against an employer's individual agents or employees); *Cerrato v. Durham*, 941 F.Supp. 388, 395 ("[t]he Second Circuit's reasoning in *Tomka* is equally applicable to the question of individual liability under the ADA as well").

Furthermore, Richard may not be held liable in his official capacity under the ADA. *See Lane*, 944 F.Supp. at 162–63 (E.D.N.Y.1996) (stating that individuals, named in their official or representative capacities as defendants, may not be held liable under the ADA); *see also Sutherland v. New York State Dep't of Law*, No. 96 Civ. 6935, 1999 WL 314186, at *7 (citations omitted).

Accordingly, the motion to dismiss the ADA claims against Richard in both his individual and official capacities is **GRANTED.**

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion to dismiss the NYSHRL claims against the Town and Richard is DENIED; and it is further

**ORDERED,** that the motion to dismiss the ADA claims against the Town is **DENIED;** and it is further

**ORDERED,** that the motion to dismiss the ADA claims against Richard is **GRANTED;** and it is further

**ORDERED,** that the parties are directed to contact United States Magistrate Judge William D. Wall forthwith to schedule discovery.

**SO ORDERED.**