■ WAGNER DORVIL, Appellant, v HILTON HOTELS CORP. et al., Respondents. [807 NYS2d 369]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered on or about November 8, 2004, which granted the motion of defendants Hilton Hotels Corp. and Stewart Yule for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No prima facie case of retaliation under the state Human Rights Law (Executive Law § 296 [1] [e]) was set forth. The in-house investigation conducted by defendant Hilton did not relate to conduct prohibited under the Human Rights Law and was not a "proceeding" for purposes of Executive Law § 296 (1) (e) (*see Unotti v American Broadcasting Cos.*, 273 AD2d 68 [2000]). Further, there was no proof that defendants Hilton and Yule were actually engaged in age discrimination or that the statement which plaintiff refused to sign was the product of discriminatory animus.

For the same reasons, plaintiff's claims against Yule individually were properly dismissed. We note as well that there was no evidence raising a triable issue as to whether Yule aided and abetted forbidden discriminatory conduct (*see* Executive Law § 296 [6]). Nor was there evidence that Yule had an ownership interest in the hotel at which plaintiff was employed or authority to make personnel decisions (*see Patrowich v Chemical Bank*, 63 NY2d 541 [1984]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and McGuire, JJ.