(April 22, 2010)

■ KEVIN KAISER, Respondent, v RAOUL'S RESTAURANT CORPORATION et al., Appellants, et al., Defendant. [899 NYS2d 210]—

Order, Supreme Court, New York County (Louis B. York, J.), entered May 30, 2008, which, insofar as appealed from, denied defendants-appellants' motion pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's cause of action for age discrimination against the two individual defendants, who are owners and officers of the corporate defendant, plaintiff's former employer, unanimously affirmed, without costs.

*Patrowich v Chemical Bank* (63 NY2d 541, 543 [1984]) has been broadly read to adopt the "economic reality" test for determining who may be sued as an "employer" under the Human Rights Law (Executive Law art 15), although the cases do not invariably use the phrase "economic reality" (*see e.g. Barbato v Bowden*, 63 AD3d 1580 [4th Dept 2009]; *Pepler v Coyne*, 33 AD3d 434 [1st Dept 2006]; *Strauss v New York State Dept. of Educ.*, 26 AD3d 67 [3d Dept 2005]; *Brotherson v Modern Yachts*, 272 AD2d 493 [2d Dept 2000]; *Hafez v Avis Rent A Car Sys., Inc.*, 242 F3d 365 [2000] [table; text at 2000 WL 1775508, *3, 2000 US App LEXIS 31032, *9-10 (2d Cir 2000)]; *Mugavero v Arms Acres, Inc.*, 2009 WL 890063, *21, 2009 US Dist LEXIS 30431, *68-69 [SD NY 2009]). This test requires the plaintiff to put forth evidence that shows the corporate employee sued (i.e., the putative employer) has "an[ ] ownership interest [in the company] or power to do more than carry out personnel decisions made by others" (*Patrowich* at 543-544); however, *Patrowich's* holding is in fact narrower. In affirming the Appellate Division's order dismissing the plaintiff's Human Rights Law claims, the Court of Appeals necessarily decided only that the definition of "employer" under the Human Rights Law (Executive Law § 292 [5]) is not, in any event, broader than the definition of that term under the relevant federal statutes.

The broad reading of *Patrowich* is not easily reconciled with the second paragraph of the opinion. The Court observed that the definition of employer under the Human Rights Law (Executive Law § 292 [5]) "relates only to the number of persons employed and provides no clue to whether individual employees of a corporate employer may be sued under its provisions" (63 NY2d at 543). The Court then stated as follows: "The contrary is, however, suggested by subdivision 3-b of section 296, which makes it a discriminatory practice for 'any real estate broker,

real estate salesman *or employee or agent thereof* to make certain representations, for it indicates that the Legislature differentiated that provision from the general definition of 'employer' " (*id.*). If the broad reading of *Patrowich* is correct, the Court took pains to note the textual support for concluding that an individual employee cannot be sued as an employer and then dismissed that support without explanation.

Although *Patrowich* holds that a necessary condition for an employee to be classified as an employer for purposes of the Human Rights Law is that the employee have an ownership interest in the company or the power to do more than carry out personnel decisions made by others, the Court did not hold that either condition was a sufficient condition. In the more than 25 years since *Patrowich*, the Court of Appeals has not again had occasion to construe the definition of "employer" under the Human Rights Law. Until the Court does, we think it appropriate to follow our precedents that adopt the broad reading of the holding of *Patrowich* (*see e.g. Pepler v Coyne, supra*; *Dorvil v Hilton Hotels Corp.*, 25 AD3d 442 [1st Dept 2006]; *Gallegos v Elite Model Mgt. Corp.*, 28 AD3d 50, 60 [1st Dept 2005]).

We reject plaintiff's contention that appellants' argument that the two individuals in question are not employers is frivolous. As the Court of Appeals has not addressed the argument, at least not expressly, it cannot be regarded as frivolous. Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2008 NY Slip Op 31459(U).]**