# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

988

TP 11-00646

PRESENT: SMITH, J.P., CENTRA, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF NEW YORK STATE DIVISION OF
HUMAN RIGHTS AND GENISE BENSON, PETITIONERS,

V                                                           MEMORANDUM AND ORDER

NANCY POTENZA DESIGN & BUILDING SERVICES, INC.,
ROCCO POTENZA, INDIVIDUALLY, HEALTHNOW NEW
YORK, INC., DOING BUSINESS AS BLUECROSS BLUESHIELD
OF WESTERN NEW YORK, POTENZA SERVICES INC., AS
SUCCESSOR-IN-INTEREST, AND POTENZA SERVICE, INC.,
AS SUCCESSOR-IN-INTEREST, RESPONDENTS.

---

CAROLINE J. DOWNEY, BRONX (TONI ANN HOLLIFIELD OF COUNSEL), FOR
PETITIONERS.

------------------------------------------------------------------------------

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered January 4, 2011) to enforce a determination of the New York State Division of Human Rights.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is granted.

Memorandum:  Petitioner New York State Division of Human Rights (SDHR) commenced this proceeding for judicial review and enforcement of an order pursuant to Executive Law § 298 finding that respondent Nancy Potenza Design & Building Services, Inc. was liable, as the complainant's employer, of aiding and abetting the sexual harassment of the complainant.  The Administrative Law Judge (ALJ) awarded the complainant $10,000 in compensatory damages based on a hostile work environment claim and the Commissioner of SDHR (Commissioner) adopted the recommended order of the ALJ.  We conclude that there is substantial evidence supporting the determination (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).

The fact that the sexual harassment did not take place on the employer's premises does not relieve the employer of liability under the Human Rights Law (Executive Law art 15; *see Lockard v Pizza Hut*, 162 F3d 1062).  Additionally, respondent Rocco Potenza, as the owner and president of the employer who condoned the sexual harassment, may be held individually liable for the discriminatory actions that damaged the complainant (*see Patrowich v Chemical Bank*, 63 NY2d 541,

542).  Finally, we conclude that the amount of the award is reasonably related to the wrongdoing and is supported by the evidence before the Commissioner (*see Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights*, 265 AD2d 809).

Entered:  September 30, 2011                    Patricia L. Morgan
                                              Clerk of the Court