■ MARTHA STEADMAN et al., Appellants, v MICHAEL P. SINCLAIR, Respondent. [636 NYS2d 325] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered March 1, 1995, which granted defendant's motion to dismiss the complaint and amend his answer to plead counterclaims, unanimously affirmed, without costs.

We agree with the IAS Court that the letter defendant wrote to the general manager of his employer complaining about

plaintiff's racism in relation to his employment, and expressing outrage, humiliation, pain, and the hope that the recipient of the letter would correct these "ongoing injustices", are nonactionable expressions of opinion (*see, Polish Am. Immigration Relief Comm. v Relax*, 189 AD2d 370; *Parks v Steinbrenner*, 131 AD2d 60). Defendant's counterclaims alleging that the instant action was instigated by defendant's employer in retaliation for the complaint defendant filed with the Equal Employment Opportunity Commission, and seeking to hold plaintiffs individually liable as aiders and abettors of such retaliation under Executive Law § 296 (6), have support in our recent case law holding that "an individual may be held liable for aiding discriminatory conduct" (*Peck v Sony Music Corp.*, 221 AD2d 157; *see also, Tomka v Seiler Corp.*, 66 F3d 1295, 1317 [2d Cir 1995]). Our prior affirmance of an order dismissing counterclaims alleging similar facts did not assert that the liability of the individual plaintiffs was being predicated upon an aiding and abetting theory (203 AD2d 92). The amended counterclaims do clearly set forth the required element of aiding and abetting the employer's retaliatory act of instigating this lawsuit. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.