■ ESTHER WOHL, Appellant, v HAROLD WOHL, Respondent. [636 NYS2d 326] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered November 2, 1994, which denied plaintiff's motion to amend a Qualified Domestic Relations Order (QDRO) entered December 20, 1993 by recalculating defendant's share of plaintiff's pension, and denied plaintiff's motion for counsel fees, unanimously reversed, on the law and the facts, without costs, and the matter remanded to the IAS Court for entry of an amended QDRO consistent with this decision and to determine the amount of plaintiff's reasonable counsel fees for the motion practice in Supreme Court.

In a matrimonial action, the value of contractual pension rights varies "depending upon the number of years employed," and "[t]o the extent that they result from *employment time after marriage* and before commencement of a matrimonial action, they are contract rights of value * * * and, therefore, are marital property." (*Majauskas v Majauskas*, 61 NY2d 481, 491-492 [emphasis added]; *see also, Olivo v Olivo*, 82 NY2d 202, 205-206 [prior to postdivorce acceptance of early retirement offer, the nonemployee wives' pro rata shares of their employee husbands' pension benefits had been properly "calculated on the basis of the number of years they were *married and work-*

*ing at (company)* as a fraction of their total years at (company)";
emphasis added].) The following formula permits determination of the nonemployee spouse's pro rata share of the employee spouse's pension benefits:

$$\frac{\text{No. of months pension credits earned } \underline{and} \text{ the parties were married}}{\text{total No. of months pension credits earned by employee spouse}} \times \frac{1}{2} = \text{Non-employee spouse's pro rata share of employee spouse's pension benefits}$$

In the case at bar, the ratio in the QDRO proposed by the non-employee husband, and ultimately signed by the court, used as its numerator the number of months the parties were married prior to commencement of the divorce proceedings, without qualification. This, however, was error, as it did not account for the fact that pension benefits did not accrue to the employee wife while she was on maternity leave.

Plaintiff's membership in the New York State Teachers' Retirement System ("NYSTRS") commenced on September 1, 1960. The parties married on October 30, 1960. During the 1973-74 and 1974-75 school years, plaintiff took a 22-month maternity leave of absence from her teaching job, during which time she received no income, employment-time credit, or increase in her retirement benefits. Plaintiff resumed teaching after her maternity leave and was still employed when, on December 15, 1988, she commenced an action for divorce against defendant. Thus, it is undisputed that the parties were married for 28 years and two months (338 months), and that plaintiff had accumulated 26 years and four months of service credit (316 months) between the date of the parties' marriage and the commencement of the divorce action.

Defendant argues that because plaintiff technically had rights as an employee and continued membership in NYSTRS through her maternity leave, for purposes of establishing the correct numerator, she was employed through the entire term of the marriage. Such a literal interpretation of employment does not, in our view, advance the clearly articulated purpose of *Majauskas (supra)* which is to equitably distribute pension proceeds. The reality is that during the one year and ten months that plaintiff was on maternity leave, she forewent income and an increase in her ultimate retirement benefits. It

would be manifestly unjust then to deem defendant's interest in those benefits to have continued to grow during this period when, due to a child rearing decision which we can only assume was jointly made by the parties, the plaintiff did not increase her pension credit. Any other result would only compound the adverse economic and career development consequences which continue to inure to the detriment of a parent who chooses to place her or his career on hold for the birth or adoption of a child or for subsequent child rearing leaves.

Accordingly, the order appealed from is reversed to the extent of directing that the QDRO should be amended to provide that 316 months is substituted for 338 months as numerator in the *Majauskas* formula. Additionally, plaintiff's motion for counsel fees for the motion practice underlying this appeal in Supreme Court is granted in an amount to be determined by the IAS Court upon remand. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.