■ WILLIAM TROVATO et al., Appellants, v AIR EXPRESS INTERNATIONAL et al., Respondents. [655 NYS2d 656] —In an action, *inter alia,* to recover damages for discrimination based on sex pursuant to the New York State Human Rights Law (Executive Law article 15), the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winick, J.), entered February 10, 1997, which granted the defendants' motion for partial summary judgment dismissing the complaint insofar as asserted against the defendants Loretta Feldman, Betty Barriga, and Denise Martucciello. The plaintiffs' notice of appeal from a decision dated April 1, 1996, is deemed a premature notice of appeal from the order entered February 10, 1997 (*see,* CPLR 5520 [c]).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the plaintiffs' cause of action alleging sex discrimination in violation of the New York State Human Rights Law (Executive Law § 296) insofar as as-

serted against the individual defendants, the plaintiffs' coemployees. A corporate employee is not individually subject to an employment discrimination suit under the Human Rights Law unless he or she has an ownership interest in the corporate employer or has the authority "to do more than carry out personnel decisions made by others" (*Patrowich v Chemical Bank,* 63 NY2d 541, 542; *see also, Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514, 515). There is no evidence in this case that the individual defendants had any ownership interest in the corporate defendant or any authority to make personnel decisions.

We reject the plaintiffs' contention that the individual defendants could be held liable as aiders and abettors pursuant to Executive Law § 296 (6). The Legislature and the Court of Appeals have determined that only employers and employee-owners or those with specified authority are subject to employment discrimination suits under the Human Rights Law (*see,* Executive Law § 296 [1] [a]; *Patrowich v Chemical Bank, supra; compare,* Executive Law § 296 [3-b]). To find a coemployee liable as an aider and abettor would ignore the statutory and legal authority limiting the parties who may be sued for employment discrimination (*but see, Tomka v Seiler Corp.,* 66 F3d 1295; *Steadman v Sinclair,* 223 AD2d 392; *Peck v Sony Music Corp.,* 221 AD2d 157).

The court also properly granted summary judgment dismissing the plaintiffs' cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against the individual defendants (*see, Chime v Sicuranza,* 221 AD2d 401, 403). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.