■ JODI SCHULMAN, Respondent, v CONTINENTAL INSURANCE et al., Appellants. [657 NYS2d 1013] —In an action, *inter alia,* to recover damages for unlawful discriminatory practices, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered April 30, 1996, as denied those branches of their motion which were to dismiss the first, second, third, and seventh causes of action and so much of the sixth cause of action as alleged discrimination on the basis of gender and religion.

Ordered that the order is modified by (1) deleting therefrom the provision denying that branch of the defendants' motion which was to dismiss so much of the sixth cause of action as alleged religious discrimination and substituting therefor a provision granting that branch of the motion, and (2) deleting

therefrom the provisions denying those branches of the defendants' motion which were to dismiss the remainder of the sixth cause of action and the seventh cause insofar as they are asserted against the individual defendants Reina Gregorio, Peter Noble, Roger Graham, and Alan Pritz and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

While we perceive no error in the Supreme Court's failure to dismiss the plaintiff's causes of action against the defendant company sounding in intentional interference with prospective business or economic advantage (the first cause of action), conversion (the second cause of action), defamation (the third cause of action), gender discrimination (part of the sixth cause of action) and disability discrimination (seventh cause of action), the pleadings, even when viewed liberally and deemed true (*see, Leon v Martinez*, 84 NY2d 83; *Becker v Schwartz*, 46 NY2d 401; *Reliance Ins. Co. v Morris Assocs.*, 200 AD2d 728), fail to state a cause of action based upon religious discrimination (part of the sixth cause of action) (*see*, CPLR 3211 [a] [7]; 3013; *Fisher v Maxwell Communications Corp.*, 205 AD2d 356; *Yusuf v Vassar Coll.*, 35 F3d 709). Therefore, the plaintiff's claim sounding in religious discrimination must be dismissed.

Furthermore, the sixth and seventh causes of action alleging discrimination must be dismissed insofar as they are asserted against the individual defendants Reina Gregorio, Peter Noble, Roger Graham, and Alan Pritz, since the pleadings fail to demonstrate that these defendants "have any ownership interest or any power to do more than carry out personnel decisions made by others" in the defendant company (*Patrowich v Chemical Bank*, 63 NY2d 541, 542).

The plaintiff's remaining contention lacks merit. Mangano, P. J., Joy, McGinity and Luciano, JJ., concur.