■ MAUREEN MURPHY, Respondent, v ERA UNITED REALTY et al., Appellants, et al., Defendant. [674 NYS2d 415] —In an action, *inter alia*, to recover damages for discrimination based on sex and national origin pursuant to the New York State Human Rights Law (Executive Law art 15), the defendants ERA United Realty, Petee Realty, Peter Orisses, and Nick Kavourgias appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated January 29, 1997, as denied their motion for partial summary judgment dismissing the plaintiff's first, second, third, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting

the provision thereof which denied that branch of the appellants' motion which was for summary judgment dismissing the first cause of action insofar as it is asserted against the defendant Nick Kavourgias and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the respondent.

The plaintiff alleged that from September 1992 to October 1993, she was subjected to pervasive and severe sexual harassment and discrimination while working as a real estate broker at the ERA United Realty office located on Bell Boulevard in Bayside, New York. The complaint alleged, *inter alia*, that the plaintiff's supervisor and two male co-workers created a hostile working environment by making unwanted physical advances and crude and insulting remarks. Their sexually offensive conduct was compounded by their denigrating comments about the plaintiff's Irish ancestry and their deliberate attempts to exclude her from business opportunities.

The causes of action at issue on this appeal allege (1) unlawful discrimination in violation of Executive Law § 296 (1) (a) and in violation of Administrative Code of the City of New York § 8-107, (2) that the defendants, *inter alia*, aided and abetted each other in their discriminatory conduct toward the plaintiff in violation of Executive Law § 296 (6), and (3) intentional infliction of emotional distress.

The Supreme Court properly determined that there were triable issues of material fact as to whether the plaintiff was an independent contractor or an employee. It has been established that Executive Law § 296 (1) (a) only governs discrimination in the traditional employer-employee relationship and not in the employment of independent contractors (*see, Scott v Massachusetts Mut. Life Ins. Co.,* 86 NY2d 429). As a general rule, the determination of whether an employer-employee relationship exists rests upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results (*see, Matter of 12 Cornelia St. [Ross],* 56 NY2d 895, 897; *see also, Matter of Sullivan Co. [Miller],* 289 NY 110, 112).

Although it is undisputed that the plaintiff signed an agreement stating that she was an independent contractor and the company did not withhold taxes from her commissions or provide employment benefits, the terms of the agreement required her to: (1) work at least 40 hours per week; (2) answer the company telephones; (3) wear the company uniform; (4) follow company procedures; (5) use company forms; (6) attend

mandatory sales meetings; (7) attend training meetings on a regular basis; (8) sign in and out of the office; and (9) coordinate vacation time with the supervising broker. Also, management reserved the right to set sales quotas, distribute listings, reassign clients, and split commissions. The plaintiff was not permitted to work for any other real estate broker and was required to share all of her leads, listings, and commissions with the company. Under these circumstances, it cannot be said as a matter of law that the plaintiff was an independent contractor. The Supreme Court, therefore, properly refused to grant the appellants' motion for partial summary judgment by concluding that there is a question of fact as to whether the plaintiff was an independent contractor or an employee.

Nevertheless, the court should have granted that branch of the motion which was for summary judgment dismissing the first cause of action alleging unlawful discrimination in violation of Executive Law § 296 (1) (a) insofar as the first cause of action is asserted against the plaintiff's coemployee Nick Kavourgias. Such allegations against a coemployee who has not been shown to have any ownership interest in the corporate employer or to have the power to do more than carry out personnel decisions made by others do not state a cause of action against the coemployee under that statute (see, Patrowich v Chemical Bank, 63 NY2d 541; Steadman v Sinclair, 223 AD2d 392).

The Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the second cause of action alleging unlawful discrimination in violation of the Administrative Code § 8-107 (1) (a). In contrast to Executive Law § 296 (1) (a), which in defining those who may be held liable for unlawful discriminatory practices speaks of an "employer" without mention of employees or agents, Administrative Code § 8-107 (1) (a) expressly provides that it is unlawful for "an employer *or an employee* or an agent thereof" to engage in discriminatory employment practices (emphasis added). Accordingly, the plaintiff has a cause of action under this provision against the employer as well as her coemployees.

The Supreme Court also properly denied that branch of the appellants' motion which was for summary judgment dismissing the third cause of action. The plaintiff alleged that all three individual appellants engaged in a pattern of discriminatory behavior which was morally and legally repugnant, creating a hostile working environment. Thus, the third cause of action alleges that the coemployees aided and abetted the owner-employer, Peter Orisses, to violate Executive Law § 296 (6).

By alleging that the owner-employer engaged in acts of unlawful discrimination, the plaintiff unquestionably stated a cause of action against the owner-employer (*see, Patrowich v Chemical Bank, supra*). It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting. Thus, the plaintiff properly stated a cause of action against the coemployees under Executive Law § 296 (6) (*see, Tomka v Seiler Corp.*, 66 F3d 1295, 1317; *see also, Steadman v Sinclair, supra; Peck v Sony Music Corp.*, 221 AD2d 157).

The decision of the Court of Appeals in *Patrowich v Chemical Bank (supra)*, which did not discuss liability pursuant to Executive Law § 296 (6) for aiding and abetting a discriminatory practice, does not warrant a different conclusion (*see, Poulsen v City of N. Tonawanda*, 811 F Supp 884; *Wanamaker v Columbian Rope Co.*, 740 F Supp 127; *Peck v Sony Music Corp., supra*). Nor does this Court's recent decision in *Schulman v Continental Ins.* (239 AD2d 334) compel a different result since that case also failed to address a coemployee's liability as an aider and abettor of the employer under Executive Law § 296 (6).

*Monsanto v Electronic Data Sys. Corp.* (141 AD2d 514, 515) is also distinguishable. There, the plaintiff was discharged on the basis of unsubstantiated sexual harassment allegations by a coemployee working under the plaintiff's supervision. According to the plaintiff's fifth cause of action, which sought to recover damages for conspiracy, the employer, who wanted to terminate the plaintiff's employment, seized upon the coemployee's sexual harassment claims as a basis for termination. Thus, the plaintiff alleged that the employer conspired with the coemployee to terminate the plaintiff's employment. There was, however, no specific claim pursuant to Executive Law § 296 (6) that the coemployee aided and abetted the employer's discriminatory actions. Indeed, the best that may be said about such allegations is that the employer aided in supporting the coemployee's claims.

Moreover, the broad language in *Trovato v Air Express Intl.* (238 AD2d 333) should not be read to rule out a cause of action pursuant to Executive Law § 296 (6) against a coemployee who is alleged to have actively aided and abetted the employer in acts prohibited under Executive Law article 15. In *Trovato*, the record reveals that the plaintiffs' coemployees did not join the employer or owner in a course of alleged discriminatory conduct. Without any apparent involvement by the employer or owner, the coemployees allegedly participated in a scheme of

hostile, abusive, and discriminatory practices, including the making of allegedly false claims that the plaintiffs had engaged in sexual harassment of the coemployees. Unlike the present case, the plaintiffs in *Trovato* cannot be considered classic direct victims of sexual harassment for whom the Human Rights Law protections were created. The record in *Trovato* reveals that the plaintiff Enriquez allegedly had been involved in past sexual relationships with more than one of the female defendant coemployees, and he claimed that those defendants were engaging in the hostile conduct as a form of retaliation. The record further reveals that the plaintiff Trovato was allegedly assaulted by another coemployee's husband, because the husband believed that Trovato was having an affair with his wife. Trovato commenced a personal injury action against the husband. He claimed that this coemployee threatened to accuse him of sexual harassment if he continued the lawsuit.

Trovato's and Enriquez's employer, the defendant Air Express International, conducted an investigation based upon the female defendants' accusations and terminated the plaintiffs' employment after they refused to sign statements acknowledging their guilt for the alleged acts of harassment. Clearly, these plaintiffs were not the direct objects of sexual harassment, rather, the harassment took the form of wrongful charges against them. Furthermore, there is no indication from these facts that the coemployees were acting in concert with the employer to discriminate against the plaintiffs, but rather that the employer was a dupe of the coemployees' scheme.

In contrast, in the present case the third cause of action is based upon allegations of wrongful conduct by the owner-employer which the coemployees aided and abetted. Moreover, this was no single incident of sexual harassment in the workplace. It is alleged that there was a pervasive and repugnant course of conduct by three individuals against the plaintiff, one of whom was in a position of power.

Notably, in citing to cases which stand for the rule that a party may state a cause of action for aiding and abetting under Executive Law § 296 (6) (*see, Tomka v Seiler Corp., supra; see also, Steadman v Sinclair, supra; Peck v Sony Music Corp., supra*), this Court in *Trovato* recognized that there can be factual circumstances which support the "aiding and abetting" theory. Accordingly, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the third cause of action.

The Supreme Court also properly denied that branch of the motion which was for summary judgment dismissing the fifth

cause of action for intentional infliction of emotional distress (*see, O'Reilly v Executone of Albany,* 121 AD2d 772).

The appellants' remaining contention is without merit. Bracken, J. P., Rosenblatt, Copertino and Luciano, JJ., concur.