Carol HOCKESON Plaintiff,

v.

**NEW YORK STATE OFFICE OF GEN-
ERAL SERVICES, New York State
Department of Audit & Control, New
York State Department of Civil Ser-
vice, and Frank Ryan, Defendants.**

No. 01–CV–0250 LEK/DRH.

United States District Court,
N.D. New York.

Feb. 21, 2002.

Kathleen M. Kiley, DeLorenzo, Pasquariello Law Firm, Schenectady, NY, for plaintiff.

Douglas Goglia, Office of Attorney General, Albany, NY, for New York State Office of General Services, New York State Department of Audit and Control and New York State Department of Civil Service.

John E. Higgins, Nixon, Peabody Law Firm, Albany, NY, for Frank Ryan.

### *DECISION AND ORDER*

KAHN, District Judge.

Plaintiff commenced this action alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), and New York's Human Rights Law, N.Y. Exec. Law §§ 296 and 297 ("HRL"). Defendants New York State Office of General Services ("OGS"), New York State Department of Audit and Control ("DAC"), and New York State Department of Civil Service ("DCS"), move to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (5) and (6). Defendant Frank Ryan moves to dismiss the Complaint pursuant to Fed. R.Civ.P. 12(b)(6) and / or for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons stated herein, defendants DAC and DCS are dismissed from the instant action; defendant Ryan is dismissed from the instant action for lack of jurisdiction; and defendant OGS's Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

Beginning on August 5, 1999, Plaintiff was employed as a System Support Aide by the New York State Office of General Services. As a new employee, she was placed on probation for a period up to six months. Plaintiff's immediate supervisor was Alan Arnold. Plaintiff's office consisted of herself, six other employees (all men), her supervisor, Alan Arnold, and Arnold's supervisor, Marge Calyer (a woman). In her Complaint, Plaintiff alleges that she was subjected to harassment, a hostile work environment, discrimination on the basis of her national origin, retaliation, and constructive discharge.

The alleged discriminatory acts consist of: 1) a co-worker with a screensaver of a woman's breasts with cat's eyes in place of the nipples; 2) sexually explicit e-mails sent to her by another co-worker; 3) defendant Ryan's comment that "we're not used to having a woman around"; 4) when Plaintiff asked Ryan about problem solving techniques or solutions, he stated that she has to "sink or swim"; 5) defendant Ryan asked Plaintiff to place orders with computer parts suppliers; 6) defendant Ryan used the term "guinea-wop" which Plaintiff found offensive, being a woman of Italian descent (defendant Ryan later apologized for his remark); 7) when Plaintiff was seated at a vacant desk near the office door, defendant Ryan's statement that her next move would be out the door; 8) Plaintiff was not invited to a New Year's Party that most of the other office workers attended; 9) Plaintiff was placed on a second probationary period. Plaintiff alleges that these acts amount to discrimination, harassment and a hostile work environment. Furthermore, she claims these acts resulted in her constructive discharge "because she could not take it anymore."

### II. DISCUSSION

#### A. Dismissal Standard of Review

A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) for "failure to state a claim upon which relief can be granted," must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *accord Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (citing *Conley* and reversing dismissal for failing to state a claim of discrimination under Title VII of the Civil Rights Act of 1964). "The issue is not whether a plaintiff is likely to prevail ulti-

mately, 'but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test.'" *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)) (additional citation omitted). Courts apply this standard with even greater force where the complaint arises from alleged civil rights violations. *See Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.1994). In assessing the sufficiency of a pleading, "all factual allegations in the complaint must be taken as true," *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991) (citations omitted), and all reasonable inferences must be construed in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1099 (2d Cir.1988) (applying the principle of construing inferences in favor of plaintiff). As the Second Circuit has stated, when determining the sufficiency of the claim for Rule 12(b)(6) purposes,

> consideration is limited to the factual allegations in [the] complaint, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

A complaint should not be dismissed unless it appears that no construction of the facts would permit the plaintiff to prevail. *See Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Bass v. Jackson*, 790 F.2d 260, 262 (2d Cir.1986).

The Rules do not require the plaintiff to set out in detail the facts upon which the claim is based, but only that a defendant be given "fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Individual allegations, however, that are so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are meaningless as a practical matter and, as a matter of law, insufficient to state a claim. *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir.1987) (applying this standard to a complaint based upon civil rights statutes). As the party moving for dismissal, Defendant has the burden of proving, beyond doubt, that Plaintiff can prove no set of facts in support of her claim. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). It is with this standard in mind that the Court addresses the issues presented.

## B. Plaintiff's Claims

As a preliminary matter, Plaintiff withdraws all causes of action against defendants DAC and DCS. The present action is therefore dismissed against these two defendants. Plaintiff also withdraws her HRL cause of action against OGS. Plaintiff also withdraws her Title VII cause of action against defendant Ryan. Remaining in the instant action are Plaintiff's Title VII claim against defendant OGS, and her HRL claim against defendant Ryan.

Plaintiff alleges: 1) a hostile work environment; 2) sexual harassment; 3) discrimination based on national origin; 4) retaliation; and 5) constructive discharge, in violation of Title VII and New York's HRL. The courts have repeatedly noted that claims brought under New York State's HRL are analytically identical to claims brought under Title VII. *See, e.g.*,

*Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 714–15 & n. 6 (2d Cir.1996).

### 1. Defendant OGS

### a. Hostile Work Environment and Harassment.

■ Accepting all factual allegations in Plaintiff's Complaint as true, and construing all reasonable inferences in her favor, the Court finds that Plaintiff's Complaint gives defendant OGS fair notice of her hostile work environment and harassment claims, and the grounds upon which they rest. In order to prevail on a hostile environment and sexual harassment claim under Title VII, Plaintiff must establish two elements. First, she must prove that the harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotations omitted). Second, Plaintiff must show that a specific basis exists for imputing the conduct that created the hostile environment to the employer. *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997). An employer is liable for co-worker harassment if "the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Id.* (quoting *Karibian v. Columbia University,* 14 F.3d 773, 780 (2d Cir. 1994)).

■ The Supreme Court in *Harris* instructed courts to determine whether an environment is sufficiently hostile or abusive by "looking at all the circumstances," including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris,* 510 U.S. at 23, 114 S.Ct. 367. Thus, to prevail

Plaintiff must show that her workplace was permeated with discriminatory intimidation, ridicule, or insult that was sufficiently severe or pervasive to alter the conditions of her employment. *Gallagher v. Delaney,* 139 F.3d 338, 347 (2d Cir. 1998).

■ Plaintiff has alleged numerous acts that, taken together, could reasonably make out a cause of action for a hostile or abusive work environment. Plaintiff has alleged multiple acts she finds humiliating and/or offensive that could reasonably be seen to interfere with her work performance even though most of the alleged acts were not directed toward her personally, rather they can be seen to have created a discriminatory environment. It is not the duty of this Court to assess whether the allegations, if proved true, would allow Plaintiff to ultimately prevail, but whether Defendants are given adequate notice of the Plaintiff's claims and the grounds upon which those claims rest: Defendant OGS's Motion to Dismiss the hostile work environment and harassment claims is DENIED.

### b. Discrimination Based on National Origin

■ Plaintiff claims only one instance of alleged discrimination based on national origin. Specifically, she claims that defendant Ryan responded to her request for directions to a training session by telling her that the session would be held "between the Guinea–Wop place and the Pollack place." Complaint ¶ 22. One comment, though offensive, is not severe enough to sufficiently affect the conditions of employment and result in discrimination. *See e.g., Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (stating that the "utterance of an ... epithet which engenders

offensive feelings in a employee," is not severe enough to sufficiently affect the conditions of employment to implicate Title VII); *see Kotcher v. Rosa and Sullivan Appliance Ctr.*, 957 F.2d 59, 62 (2d Cir. 1992) (holding that isolated incidents or episodic conduct will not support a Title VII claim because the "incidents must be repeated and continuous; isolated acts or occasional episodes will not merit relief"); *see also Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 69 (2d Cir.2000) ("Incidents that are few in number and that occur over a short period of time may fail to demonstrate a hostile work environment.")(internal quotations omitted). Furthermore, Plaintiff does not allege that such comments were in reference to her and her ethnicity. In sum, Plaintiff has not alleged facts sufficient to state a cause of action for discrimination based on national origin. Accordingly, Defendant's Motion to Dismiss as to Plaintiff's discrimination based on national origin cause of action is GRANTED.

### c. Constructive Discharge

■ A "constructive discharge" occurs when an employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir.1983)(internal quotations omitted). Plaintiff must establish that the "employer deliberately created working conditions that were 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir.1993)(quoting *Pena*, 702 F.2d at 325). This standard contains two separate elements: first, that the employer acted deliberately, and second, that the conditions were such that a reasonable employee in the plaintiff's shoes would have been compelled to resign. *See Ternullo v.*

*Reno*, 8 F.Supp.2d 186, 190–91 (N.D.N.Y.1998)(citing *Levendos v. Stern Entertainment, Inc.*, 909 F.2d 747, 753 (3d Cir.1990)).

■ Plaintiff argues that the defendants, Ryan in particular, deliberately created a difficult and unpleasant working condition "by telling her that she had to 'sink or swim' and that 'one more step and she was out the door.'" Plaintiff asserts that the "stress and humiliation" resulting from these comments left her "no alternative but to resign." These allegations are insufficient. The second element, whether a reasonable employee in the plaintiff's shoes would have felt compelled to resign, is an objective determination based upon the conditions deliberately created by the employer. "Success does not depend upon the plaintiff's subjective beliefs." *Phillips v. General Dynamics Corp.*, 811 F.Supp. 788, 792 (N.D.N.Y.1993).

Plaintiff's allegations, at most, make out a case of criticism of her job performance. This cannot result in a finding of constructive discharge. *See Spence v. Maryland Casualty Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993) (allegations that employer intentionally criticized employee's job performance and made conditional threats of termination if performance did not improve is not sufficient); *Stetson v. NYNEX Service Co.*, 995 F.2d 355 (2d Cir.1993) (participating in early retirement option because plaintiff was dissatisfied with his assignments, criticisms of his work, and compensation did not support claim of constructive discharge). Even assuming arguendo that placing Plaintiff on an extended probationary period was a deliberate act to coerce her into resigning, Plaintiff would still not be able to make out a prima facie case of constructive discharge. *See Muller v. United States Steel Corp.*, 509 F.2d 923, 929 (10th Cir.1975) (unfavorable job as-

signments and discriminatory failure to promote insufficient), *cert. denied*, 423 U.S. 825, 96 S.Ct. 39, 40, 46 L.Ed.2d 41 (1975). The allegations in the Complaint are insufficient to make out a claim of constructive discharge. Plaintiff's constructive discharge claim is therefore dismissed. Defendant OGS's Motion to Dismiss as to the constructive discharge claim is GRANTED.

### d. Retaliation

■ In order to establish a prima facie claim of retaliation, Plaintiff must show that: 1) she engaged in a protected activity; 2) the employer was aware of the activity; 3) the employer took adverse action against Plaintiff; and 4) there is a causal connection between the protected activity and the adverse action. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir.1995); *Distasio v. Perkin Elmer Corp.*, 157 F.3d 55, 66 (2d Cir.1998); *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1178 (2d Cir.1996). Here, Plaintiff has not alleged sufficient facts to establish a claim of retaliation.

■ Nowhere in Plaintiff's Complaint does she allege facts sufficient to establish any element of retaliation. Plaintiff alleged that the adverse actions taken against her were: 1) that she received a poor evaluation from her supervisor that resulted in an extended probationary period; and 2) that defendant Ryan would either mentor Plaintiff or become her supervisor. Plaintiff does not allege any adverse employment action. There was no firing, demotion, reassignment or change in Plaintiff's responsibilities that could be seen as an adverse employment action. There can be no cause of action for retaliation absent an adverse employment action.

Plaintiff's retaliation claims is therefore dismissed. Defendant OGS's Motion to Dismiss as to the retaliation claim is GRANTED.

### 2. Defendant Ryan

Though not specifically articulated, Plaintiff's Complaint charges individual defendant Ryan with "aiding and abetting," a violation of the HRL, N.Y. Exec. Law § 296(6) (McKinney 2001)[1], in that defendant Ryan created a sexually offensive and hostile atmosphere which permeated Plaintiff's workplace. For the reasons that follow, defendant Ryan is dismissed from the instant action.

Under New York law, even if an employer can be held liable for employment discrimination under the HRL, individual liability for such discrimination cannot be imposed on an employee "if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 660, 473 N.E.2d 11 (1984). Defendant Ryan had neither an ownership interest nor any supervisory power over Plaintiff. Defendant Ryan cannot be held liable for violations of the HRL under the reasoning in *Patrowich.*

In *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir.1995), however, the Second Circuit held that *Patrowich* did not apply to claims under N.Y. Exec. Law § 296(6). *See Tomka*, 66 F.3d at 1317. Based on the language of § 296(6), the *Tomka* Court, "distinguished *Patrowich* by holding that a defendant who ***actually participates*** in the conduct giving rise to a discrimination claim may be held personally liable under [N.Y. Exec. Law § 296(6)]." *Tomka*, 66

---

1. *See* N.Y. Exec. Law § 296(6), which makes it an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6) (McKinney 2001).

F.3d at 1317 (emphasis added). New York Courts have largely disagreed with the analysis of the *Tomka* decision, and some federal courts have joined in the criticism. *See Trovato v. Air Express Int'l*, 238 A.D.2d 333, 334, 655 N.Y.S.2d 656, 657 (2d Dep't 1997)(criticizing *Tomka* and following *Patrowich* by rejecting aiding and abetting liability under § 296(6)); *Cohen v. Alexander's Inc.*, 1987 WL 113754 (N.Y.Sup.Ct. Aug.14, 1987) (rejecting aiding and abetting liability under § 296(6) based on its reading of *Patrowich*); *Bush v. Raymond Corp.*, 954 F.Supp. 490, 497, n. 4 (N.D.N.Y.1997)(noting the criticism of the *Tomka* decision and that the *Tomka* decision arguably renders the holding of the New York Court of Appeals meaningless); *Falbaum v. Pomerantz*, 891 F.Supp. 986, 992 (S.D.N.Y.1995) (dismissing § 296 claims against individual defendants: "the limitation embodied in the statutory definition of 'employer' and in *Patrowich*, could be easily evaded by alleging claims-either under an aiding and abetting or retaliation theory. . . . The various parts of a statute should be construed to give meaning to all"); *Johnson v. A.P. Products, Ltd.*, 934 F.Supp. 625, 629–30 (S.D.N.Y.,1996) (noting the criticism of the *Tomka* holding and reluctantly following the Second Circuit's precedent).

At least two New York courts have adopted the reasoning of *Tomka* and recognized that a former employee could maintain a cause of action for discrimination against another employee as an aider and abettor. *See Murphy v. ERA United Realty*, 251 A.D.2d 469, 471–73, 674 N.Y.S.2d 415, 417–18 (2d Dep't 1998); *see also Steadman v. Sinclair*, 223 A.D.2d 393, 393, 636 N.Y.S.2d 326, 326 (1st Dep't 1996) (citing *Tomka* for the proposition that defendant may be held individually liable for

retaliation as an aider and abettor under N.Y. Executive Law § 296(6)).

■ Given the unsettled nature of the state of the law in New York regarding § 296(6), especially the repudiation by many New York courts of the *Tomka* holding, this Court declines to exercise supplemental jurisdiction over these State law claims. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, . . . or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

As previously noted, the New York Court of Appeals has held that individuals are subject to liability under the HRL only if they have an ownership interest in the company or supervisory authority over the plaintiff. *See Patrowich*, 63 N.Y.2d at 542, 483 N.Y.S.2d at 660, 473 N.E.2d 11. The New York Court of Appeals has not decided the issue of liability on an aiding and abetting claim, and the lower courts in New York are divided on the issue, though most have criticized the *Tomka* decision. The Appellate Division, First Department has adopted *Tomka*'s holding that employee supervisors may be held individually liable as aiders and abetters, *see Steadman v. Sinclair*, 223 A.D.2d 392, 636 N.Y.S.2d 325, 326 (1st Dep't 1996), and the Second Department, as well as at least one lower New York court, have disagreed with *Tomka*. *See Trovato v. Air Express Int'l*, 238 A.D.2d 333, 334, 655 N.Y.S.2d 656, 657 (2d Dep't 1997). (rejecting *Tomka* and holding that there is no individual liability even under § 296(6) for individuals who are not "employers and employee-owners or those with specified authority")[2] ; *Foley v. Mobil Chemical Co.*, 170

---

**2.** But see *Murphy v. ERA United Realty*, 251 A.D.2d 469, 471–73, 674 N.Y.S.2d 415, 417–

18 (2d Dep't 1998), Second Department case adopted the reasoning of *Tomka*.

Misc.2d 1, 647 N.Y.S.2d 374, 380–82 (Sup. Ct.1996) (holding that § 296(6) only applies to parties outside the employment relationship who may assist in employment discrimination).

Since the New York courts are split on this issue, this Court declines to exercise jurisdiction over this claim. *See Houston v. Fidelity*, No. 95 Civ. 7764, 1997 WL 97838, at *10 (S.D.N.Y.1997) (declining to exercise supplemental jurisdiction over the individuals sued under § 296(6) of the HRL even where, as here, the claim involved a common nucleus of operative fact with the federal discrimination claim). "Given the unsettled state of the law, it is possible that the parties would have a 'surer-footed' reading of the extent of aiding and abetting liability in state court." *Houston*, 1997 WL 97838, at *10 (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

Furthermore, the presence of an individual defendant who could be liable under State law for conduct that would not give rise to liability under federal law will create practical difficulties at trial. The risk of jury confusion is considerable. Therefore, defendant Ryan's Motion to Dismiss is granted for lack of jurisdiction.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED, that defendants New York State Department of Audit and Control and New York State Department of Civil Service are DISMISSED from the instant action; and it is further

ORDERED, that defendant New York State Office of General Services' Motion to Dismiss (docket # 9) is GRANTED in part and DENIED in part; and it is further

ORDERED, that defendant OGS's Motion to Dismiss the hostile work environment and harassment claims is DENIED; and it is further

ORDERED, that defendant OGS's Motion to Dismiss the discrimination based on national origin claim is GRANTED; and it is further

ORDERED, that defendant OGS's Motion to Dismiss the constructive discharge claim is GRANTED; and it is further

ORDERED, that defendant OGS's Motion to Dismiss the retaliation claim is GRANTED; and it is further

ORDERED, defendant Ryan's Motion to Dismiss (docket # 16) is GRANTED as to all causes of action against him for lack of jurisdiction; and it is further

ORDERED, that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.