14-2438-cv
Harris v. New York State Department of Correctional Services

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         GUIDO CALABRESI,
         GERARD E. LYNCH,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
GREGORY G. HARRIS, as Trustee of
Kathleen A. Demas's Bankruptcy
Estate,
         Plaintiff-Appellant,

         -v.-                                    14-2438-cv

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES, BRIAN FISCHER,
in his official capacity as the
Commissioner of the New York State
Department of Correctional Services,
MICHAEL WAITE, in his individual
capacity,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANT:** DANIEL A. JACOBS (Ronald G. Dunn, on the brief), Gleason, Dunn, Walsh & O'Shea, Albany, New York.

**FOR APPELLEES:** JONATHAN D. HITSOUS (Barbara D. Underwood & Andrea Oser, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

ROBERT M. WINN, Granville, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Gregory G. Harris appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, J.), granting summary judgment in favor of defendants the New York State Department of Correctional Services and Brian Fischer (collectively, "the Department") and correction officer Michael Waite. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Harris, the trustee of the bankruptcy estate of Kathleen A. Demas, alleges that: (1) the Department discriminated against Demas on the basis of her sex and retaliated against her, in violation of Title VII, 42 U.S.C. §§ 2000e-2, 2000e-3, and (2) Waite aided and abetted the sex discrimination, in violation of the New York State Human Rights Law, N.Y. Exec. Law § 296. We review de novo the grant of summary judgment. Pucino v. Verizon Wireless Commc'ns, Inc., 618 F.3d 112, 117 (2d Cir. 2010). We affirm for substantially the reasons set forth in the district court's well-reasoned opinion.

The sex discrimination and aiding-and-abetting claims fail for a common reason: there is no record evidence from which it could be inferred that Demas's sex played any role in the way she was treated by Waite or anyone else. A

2

hostile work environment claim based on sex discrimination requires evidence that "the hostile or abusive treatment was *because of* . . . sex." <u>Redd v. New York Div. of Parole</u>, 678 F.3d 166, 175 (2d Cir. 2012) (emphasis added). The record lacks such evidence, and Demas admits that her treatment by Waite (and others) was motivated by other things, principally disagreement over security policy and Waite's resentment that Demas testified against him at a disciplinary proceeding. Without evidence of discrimination, the aiding-and-abetting claim against Waite also fails. N.Y. Exec. Law § 296(6); <u>see also</u> <u>Murphy v. ERA United Realty</u>, 674 N.Y.S.2d 415, 417 (App. Div. 2d Dep't 1998) ("It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting.").

The retaliation claim fails because there is no evidence that Demas engaged in a protected activity: she never complained of sexual harassment or sex discrimination, nor did she subjectively believe that her sex played a role in her termination.[1] <u>See</u> <u>Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.</u>, 716 F.3d 10, 14 (2d Cir. 2013) ("An employee's complaint may qualify as protected activity . . . so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated [Title VII]." (citation and internal quotation marks omitted)). Demas asserts that she now holds such a belief, but that post-termination insight cannot bear upon whether she engaged in a protected activity before being terminated.

Harris argues that retaliation can be shown where the employer knew or should have known that the actions complained of by the employee were based on sex, even if the employee did not. He offers no authority for such a claim, and in any event, there is no evidence from which a reasonable jury could make such a finding.

---

[1] There is, moreover, no record evidence that sex actually played such a role. Thus, any discriminatory termination claim Harris might seek to plead is futile.

For the foregoing reasons, and finding no merit in Harris's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK