Norma EVANS–GADSDEN
Pro se Plaintiff

v.

BERNSTEIN LITOWITZ BERGER & GROSSMAN, LLP, and its named employees, Rochelle Feder Hansen, Esq., John Kehoe, Esq., and Eric Sandstedt, Esq. Defendants

No. 04 CIV. 1329(SCR).

United States District Court,
S.D. New York.

Aug. 6, 2004.

Norma Evans Gadsden, Mount Vernon, NY, pro se.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. BACKGROUND:

On or about February 19, 2004, Norma Evans–Gadsden (the "Plaintiff") filed an amended complaint (the "Amended Complaint") in connection with this matter. The Amended Complaint alleges that the Plaintiff was subjected to racial discrimination, adverse workplace conditions and a hostile working environment in connection with her employment as a legal secretary at Bernstein Litowitz Berger & Grossman LLP ("Bernstein Litowitz"). Ultimately, the Plaintiff's employment with Bernstein Litowitz was terminated on or about November 5, 2003.

Subsequent to the filing of the Amended Complaint, Bernstein Litowitz, Rochelle Feder Hansen ("Ms. Hansen"), John Kehoe ("Mr. Kehoe") and Erik Sandstedt ("Mr. Sandstedt"; collectively Bernstein Litowitz, Ms. Hansen, Mr. Kehoe and Mr. Sandstedt are referred to herein as the "Defendants" and Ms. Hansen, Mr. Kehoe and Mr. Sandstedt are referred to herein as the "Individual Defendants") filed a motion to dismiss (the "Defendants' Motion") the Amended Complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants' Motion only seeks the dismissal of the Plaintiff's claims against the Individual Defendants, not the claims against Bernstein Litowitz.[1] The Plaintiff filed an opposition to the Defendants' Motion (the "Plaintiff's Opposition"), the Defendants filed a reply (the "Defendants' Reply") and the Plaintiff filed a surreply (the "Plaintiff's Reply").

### II. STANDARD OF REVIEW:

Under Fed.R.Civ.P. 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). When reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept "as true the facts alleged in the complaint." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994). The task of the court addressing the 12(b)(6) motion is not to determine the weight of the evidence, but only to assess the legal feasibility of the complaint. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir.2000). In connection with such inquiry, all reasonable inferences are to be drawn in the plaintiff's favor, which often makes it "difficult to resolve [certain questions] as a matter of law." *In re Independent Energy Holdings PLC*, 154 F.Supp.2d 741, 747 (S.D.N.Y.2001).

### III. ANALYSIS:

The Amended Complaint does not identify the jurisdictional grounds for the Plaintiff's claims against the Individual Defendants. The Defendants' Motion was premised on the assumption that the Plaintiff's claims against the Individual Defendants were based under Title VII of the Civil Rights Act, 42 U.S.C. § 2000a et seq.

1. As the Defendants' Motion makes no arguments with respect to the Plaintiff's claims against Bernstein Litowitz, this Court takes not position on those causes of action.

("Title VII").[2] In response, the Plaintiff's Opposition asserts three separate grounds for jurisdiction over the Individual Defendants: Title VII, 42 U.S.C. § 1981 (" § 1981") and the New York Executive Law § 296 ("§ 296"). This Court gives the *pro se* Plaintiff's Amended Complaint a liberal reading and reads in the strongest arguments the pleading might suggest. *See e.g. Green v. United States,* 260 F.3d 78, 83 (2d Cir.2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."). Thus, this Court must analyze each of the claimed jurisdictional grounds separately.

### A. TITLE VII:

■ There is no dispute between the parties that Ms. Hansen, Mr. Kehoe and Mr. Sandstedt were not partners at Bernstein Litowitz during the time period relevant to the Amended Complaint. Ms. Hansen and Mr. Kehoe were, and continue to be, associates at Bernstein Litowitz. Mr. Sandstedt was of counsel at Bernstein Litowitz during the time period relevant to the Amended Complaint and was subsequently made a partner. The most that can be said about the Individual Defendants is that they exercised supervisory control over the Plaintiff. The Second Circuit has consistently held that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII." *See e.g. Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir. 1995); *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 74 (2d Cir.2000). Accordingly, the Plaintiff may not bring a cause of action against the Individual Defendants pursuant to Title VII.

**2.** Title VII of the Civil Rights Act of 1964 governs claims of discrimination on the basis of race, 42 U.S.C. § 2000e–2(a)(1), and claims

### B. 42 U.S.C. § 1981:

Unlike Title VII, where the Second Circuit has explicitly held that individual liability does not attach, the Second Circuit has held that individual liability is appropriate in certain circumstances under § 1981. *Whidbee* at 75. Section 1981 provides that:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.

(c) The rights protected by this section are protected by impairment by non-governmental discrimination and impairment under color of state law.

■ The requisite elements to sustain a cause of action under § 1981 are well established by the Second Circuit. *See e.g. Brown v. City of Oneonta,* 221 F.3d 329, 339 (2d Cir.2000), cert. denied, 534 U.S. 816, 122 S.Ct. 44, 151 L.Ed.2d 16 (2001); *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 7 F.3d 1085, 1088 (2d Cir.1993). In order to establish a claim under § 1981, a plaintiff must allege facts, which if prov-

of retaliation for conduct aimed to remedy such discrimination, 42 U.S.C. § 2000e–3(a).

en to be true, would establish the following three elements: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate against the plaintiff on the basis of his or her race;[3] and (3) that the defendant discriminated in connection with one of the statute's enumerated activities.[4] *Brown* at 339.

In the case at bar, there is no dispute that the Plaintiff is an African–American woman; therefore the first element necessary to state a claim under § 1981 has been established. The next question is whether the Plaintiff has sufficiently alleged facts, which if shown to be true, would establish that the Individual Defendants purposefully discriminated against the Plaintiff and that such discrimination was on the basis of her race.

 With respect to the second element, in order for a § 1981 claim to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar College*, 827 F.Supp. 952 (S.D.N.Y. 1993), aff'd, 35 F.3d 709, 713 (2d Cir.1994). "A complaint consisting of nothing more than naked assertions and setting forth no facts upon which a court could find a violation of Section 1981 fails to state a claim under Rule 12(b)(6)." *Timmons v. City of Hartford*, 283 F.Supp.2d 712, 717 (D.Conn. 2003) (citing *Martin v. New York State Dep't. of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978)). In order to state a claim for individual liability under § 1981, a plaintiff must not only allege specific instances of racial discrimination, but those allegations "must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Whidbee* at 75 (internal citations omitted). In *Hicks v. IBM*, 44 F.Supp.2d 593 (S.D.N.Y. 1999), the district court found that in "each of the cases that have allowed individual liability [under § 1981], the individuals have been supervisors who were ***personally involved in the discriminatory activity***." *Id.* at 597 (emphasis added).

 In the case at bar, neither the Amended Complaint, the Plaintiff's Opposition, nor the Plaintiff's Reply alleges any racial discrimination against the Plaintiff by any of the Individual Defendants. The only allegations of discrimination made in the Amended Complaint are against (a) Bernstein Litowitz for disparate treatment,[5] and (b) another attorney at Bern-

---

**3.** Section 1981 only prohibits intentional racial discrimination. *Brown* at 339. In other words the discrimination must be purposeful, *see General Building Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982), and must be a based upon the individual's race. *See Mian* at 1088.

**4.** The "enumerated activities" set forth in Section 1981 include the rights "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a) (2003).

**5.** The Plaintiff claims that other legal secretaries at Bernstein Litowitz were reassigned, rather than fired, in the past. Further, the Plaintiff claims that those legal secretaries were all white, with the exception of one individual of Indian descent. Amended Complaint, ¶ 12. The Plaintiff asserts that she "was not afforded this same option and none of these white secretaries, nor [the individual of Indian descent], have ever had to experience or been subjected to racial discrimination, adverse conditions in the workplace nor was their work environment made hostile [sic]." *Id.*

stein Litowitz, who is not named as an Individual Defendant, for a discriminatory remark.[6] Amended Complaint, ¶ 6 and ¶ 12. The Plaintiff's papers do contain allegations of sabotage and a litany of conspiracy theories against the Individual Defendants,[7] but the Plaintiff has not alleged that such conduct by the Individual Defendants was racially motivated. In fact, the Plaintiff asserts that Individual Defendants' motivation for the sabotage was to make her look inept and incompetent, which is not a racially discriminatory motive. Amended Complaint, ¶ 7 and ¶ 10. Even if the Court assumes the Plaintiff's allegations of sabotage to be true, as it must on a Rule 12(b)(6) motion, the Plaintiff fails to state a § 1981 cause of action because she does not claim that the Individual Defendants took those actions against her because of racial discrimination. Thus, the Plaintiff has failed to state a claim for a § 1981 cause of action against the Individual Defendants.

## C. New York Executive Law § 296:

The New York Human Rights Law (the "HRL") provides, in pertinent part, that it is unlawful for an employer "because of the ... race, creed [or] color ... of any individual ... to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). Further, § 296(6) of the HRL prohibits any person from aiding and abetting any of the acts forbidden in the statute.[8]

The Second Circuit has directed district courts to impose the same standard of review for claims brought under the Human Rights Law as for those claims brought under Title VII. *See Tomka* at 1304 n. 4. However, while the Second Circuit in *Tomka* held that there is no individual liability under Title VII, that Court explicitly stated that individual defendants may be sued in their personal capacities for discrimination under § 296. *Tomka* at 1313. The Second Circuit, and subsequent

---

6. The Plaintiff alleges that she was told by a paralegal at the firm that he spoke to an attorney, who claimed that she heard another attorney say: "I can't wait until we move upstairs so when that when that [sic] Black Bitch Norma opens her mouth, I can come out of my office and tell her to shut the fuck up." Amended Complaint, ¶ 12.

7. For example, the Plaintiff alleges that she: (a) "had to endure on a daily basis numerous incidences of sabotage that were committed by Rochelle Feder Hansen, John Kehoe and Eric Sandstedt in retaliation to complaints made by me to Genie Principe, Office Manager and Human Resources Director, with regard to Rochelle Feder Hansen and John Kehoe[.]" Amended Complaint, ¶ 6; (b) "endured the pressures of an extremely hostile work environment, consistent sabotaging of my computer and sabotaging of the documents that I was given to work on by Rochelle Feder Hansen, John Kehoe. Eric Sandstedt also participated in the document sabotage. I am certain that these attempts were done in order to make me look inept by sabotaging automatic paragraph numbering,

dumping duplicate language into documents and things of this sort." *Id.* at ¶ 7; (c) "endured at least two weeks of daily sabotage committed by John Kehoe and Eric Sandstedt to this document, which consisted of at least 72 pages, and this is just one of numerous instances of deceitful practices of the Firm, and another attempt by the Firm to make my work environment hostile and another effort on their part to make me appear to be incompetent and inept." *Id.* at ¶ 10; and (d) "Rochelle Feder Hansen continued to sabotage my documents even as she continued to give me revisions to those same documents. I had the occasion to witness Rochelle Feder Hansen as she compiled for the Firm of examples of 'mistakes,' if proof ever became necessary, that were supposedly made by me while editing documents for her [sic]." *Id.* at ¶ 13.

8. § 296(6) of the HRL states that it shall be an unlawful discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so." N.Y. Exec. Law § 296(6).

decisions by district courts, have found that § 296 allows for an individual employee to be liable for discriminatory conduct only if that employee (a) has an ownership interest in the employer, or is the employer, (b) the power to make, rather than carry out, personnel decisions or (c) actually participates in the conduct giving rise to the discrimination claim. *Id.* at 1317 (citing *Patrowich v. Chemical Bank,* 63 N.Y.2d 541, 542, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984)); *see also Hicks* at 597; *Wanamaker v. Columbian Rope Co.,* 740 F.Supp. 127, 135–36 (N.D.N.Y.1990), *aff'd* 108 F.3d 462 (2d Cir.1997).

As set forth above, in order to sustain a claim against the Individual Defendants under § 296(1), the Plaintiff must make a showing that each of them (a) had an ownership interest in the organization, (b) had the power to do more than carry out personnel decisions made by others, or (c) had directly participated in the racially discriminatory conduct. The Plaintiff has failed to establish any of the above and has failed to state a cause of action pursuant to § 296 against the Individual Defendants. First, as set forth in Section III(A) above, there is no dispute that each of the Individual Defendants was an employee of Bernstein Litowitz, not an employer or partner, and had no ownership interest in the firm. Second, the Plaintiff has failed to allege that any of the Individual Defendants had the authority to terminate her employment. Third, as set forth in Section III(B) above, the Plaintiff has not alleged that any of the Individual Defendants participated in racially discriminatory conduct or displayed any racial animus toward her. The Plaintiff has failed to state a claim under § 296(1) against the Individual Defendants.

As indicated above, the Plaintiff may also state a claim against the Individual Defendants under § 296(6), which makes it unlawful for "any person" to aid or abet the violation of the statute. For the same reasons set forth above, the Plaintiff does not successfully state a claim under § 296(6). Pursuant to § 296(6), one of two showings must be made: (1) that the employer has already been found liable for discrimination; or (2) a lesser showing, that the individual employee participated in the conduct giving rise to the discrimination claim. *Tomka* at 1317. In the case at bar, the employer, Bernstein Litowitz, has not already been found liable. Additionally, even if this Court employs the "lesser showing" of participation by the Individual Defendants in the discriminatory conduct, this Court has already found that insufficient allegations exist to sustain a cause of action for aiding and/or abetting discriminatory conduct. The Plaintiff has failed to state a claim under § 296(6) against the Individual Defendants.

## IV. CONCLUSION:

For all of the foregoing reasons, the Plaintiff has failed to state a cause of action upon which relief may be granted against any of the Individual Defendants. Therefore, the Defendants' Motion is hereby granted and the Plaintiff's claims against Ms. Hansen, Mr. Kehoe and Mr. Sandstedt are dismissed with prejudice.

It is so ordered.